COUNTY OF ERIE, Appellant and Respondent, *v.* SOL L. FRIDENBERG et al., Respondents and Appellants, Impleaded with Others.

Eminent domain — costs — condemnation of land for a public highway — damages for loss of water from well caused by construction of highway — right to grant costs in such proceeding to non-resident owner of land is not taken away by section 154 of Highway Law as amended by chapter 497 of Laws of 1915, but an extra allowance may not be granted.

1. In a proceeding to condemn lands for a public highway, the commissioners found that a well, supplied by subterranean water, was located upon lands of the defendant owner not taker in the proceeding, and immediately adjacent to a parcel so taker, that the same became dry immediately after, and, as a direct resu¹t of the blasting done upon the parcels of the land taken, and the cut or excavation made thereon. *Held,* that the owner's damages by reason of the loss of water in his well were incident to the construction of the highway and so directly resultant therefrom that compensation for taking his lands without including therewith the damages to the well as a part of the damages to his remaining land would not be just or an adequate equivalent for his loss.

2. The owner is a non-resident of the state and the court at Special Term refused to allow him any costs in the proceeding on the ground that it had no power. *Held,* that it was not the intention of the legislature by the amendment to section 154 of the Highway Law (Laws of 1915, ch. 497) to take away the power of the court to allow an owner costs in a condemnation proceeding under such law unless the same can be allowed pursuant to the provisions of section 3372 of the Code of Civil Procedure. That section, when made applicable to the Highway Law, should be given the same meaning and effect that it has in the Code, and not be so construed as to prevent an award of costs to an owner in a condemnation proceeding where costs may be essential to secure to him just compensation for his property. The court is not given power, however, to grant an extra allowance of costs.

*County of Erie* v. *Fridenberg,* 176 App. Div. 949, modified.

(Argued October 3, 1917; decided October 23, 1917.)

APPEAL by the plaintiff from so much of an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 16, 1917, which affirmed so much of a final order in a special proceeding for the condemnation of property for the purposes of a public highway as included in the compensation awarded to the defendants Fridenberg an item of $1,500 for loss of the water supplying a well. Also an appeal by the defendants Fridenberg from so much of said order as refused to grant to them costs in the special proceeding.

The facts, so far as material, are stated in the opinion.

*Carleton H. White* and *Asher B. Emery* for plaintiff, appellant and respondent. The resultant injury to the defendants Fridenberg in the loss of their well is, under the facts herein, *damnum absque injuria.* (L. 1909, ch. 30, §§ 150–152, amd. L. 1911, ch. 503; *New River Co.* v. *Johnson,* 105 Eng. C. L. 434; *Queen* v. *Met. Board of Works,* 113 Eng. C. L. 710; *Village of Delhi* v. *Youman,* 45 N. Y. 362; *Hathorn* v. *Strong's Sanitarium,* 55 Misc. Rep. 445; *Phelps* v. *Nowlen,* 72 N. Y. 39.)

*Frederic Ullman* for defendants, respondents and appellants. When the sovereign power of the state takes land it must not alone pay for the land itself but it must award to the owner a sum that will fully indemnify him as to those proximate and consequential damages flowing from this active sovereign power. Wherever the state or any of its subdivisions destroys a spring of percolating waters it must be paid for by such state or political subdivision thereof. (*South Buffalo Ry. Co.* v. *Kirkover,* 176 N. Y. 301; *Parker* v. *B. & M. R. R. Co.,* 3 Cush. 114; *Matter of Board of Public Improvement,* 99 App. Div. 576; *Matter of City of Rochester,* 24 App. Div. 383; *Smith* v. *City of Brooklyn,* 18 App. Div. 340; 160 N. Y. 357; *Forbell* v. *City of New York,* 164 N. Y. 522;

*Merrick Water Co.* v. *City of Brooklyn,* 29 App. Div. 354; 160 N. Y. 657; *County of Orange* v. *Ellsworth,* 98 App. Div. 280.) The defendants (Fridenbergs) moved for costs and an extra allowance in the court below, which was erroneously refused on the ground that the proceedings herein were taken under the Condemnation Laws of the state and that section 3372 of the Code of Civil Procedure must govern the question of costs and that under that section the defendants (Fridenbergs) were not entitled to costs. (*Matter of State of New York,* 152 App. Div. 637; *O. L. & P. Co.* v. *Schwarzenbach,* 164 App. Div. 548; *Matter of City of New York,* 125 App. Div. 222; *Matter of B. U. El. R. R. Co.,* 176 N. Y. 216.)

CHASE, J. The defendant Sol. L. Fridenberg is the owner of a farm in the county of Erie. Pursuant to the Highway Law (Article 6) the board of supervisors requested the construction of a county highway in said county which it located so as to pass over said farm. The commissioner approved the highway and a proceeding was commenced in the name of the county to acquire for such highway purposes the property described therein. The court appointed commissioners " to ascertain the compensation to be made to the owners for the property to be taken for the public use specified." The property so taken of Fridenberg included 2.73 acres of land upon which was situated 150 feet in length of a barn or shed 275 feet long, and a hedge of locust trees. The commissioners also found " That a well, supplied by subterranean water, was located upon lands of the defendant owner not taken in this proceeding and immediately adjacent to the above parcel so taken; and that the same became dry immediately after, and, as a direct result of the blasting done upon the parcels of the land taken herein, and the cut or excavation made " thereon.

The highway department pursuant to the plan for said highway made a cut through a portion of the land taken and near said well, which cut was forty-two feet deep. The commissioners found that the amount to which the owner was entitled as compensation for the property so taken for public use was $5,286.48, and in their report separately stated the items considered by them in making up the amount of such compensation. Among the items so considered by them was one of $1,500 for loss of water supplying the well. The only question on this appeal presented by the county of Erie is whether the commissioners had any right or authority to take into account the loss of water in said well in making up the compensation to be paid to Fridenberg for taking the lands as stated, for highway purposes.

Private property cannot be taken for public use without " just compensation." (Constitution of the State of New York, article 1, § 6.) It is provided by our Condemnation Law (Code of Civil Procedure, § 3370) that the commissioners shall " ascertain and determine the compensation which ought justly to be made by the plaintiff to the owners of the property appraised by them; and, in fixing the amount of such compensation, they shall not make any allowance or deduction on account of any real or supposed benefits which the owners may derive from the public use for which the property is to be taken, or the construction of any proposed improvement connected with such public use."

It is provided by the Highway Law (Cons. Laws, ch. 25), section 152, that the commissioners shall " Make and sign a report in writing, in which they shall assess, allow and state the amount of damages to be sustained by the owners of the several lots, pieces or parcels of land to be taken for the purposes aforesaid."

The statute provides that the property shall be acquired " for the requisite right of way." (§ 148.) Fridenberg's

property was taken for a right of way, a public purpose— and without his consent. Such taking can only be sustained on giving the owner " just compensation." Just compensation is reasonable and adequate compensation and the equivalent for the actual loss that the owner sustains by reason of the public taking his private property. The rights of the parties in this case are not controlled by the rule relating to the rights of adjoining owners in the legitimate use of their respective properties. In such case if percolating water is intercepted by such use, an adjoining owner may be without remedy. (*Village of Delhi* v. *Youmans,* 45 N. Y. 362; *Bloodgood* v. *Ayers,* 108 N. Y. 400.)

Where land is acquired for public use without the consent of the owner he is entitled to recover the market value of the premises actually taken and also any damages resulting to the residue including those which will be sustained by reason of the use to which the portion taken is to be put by those acquiring it. (*South Buffalo Ry. Co.* v. *Kirkover,* 176 N. Y. 301.) The owner's damages in this case by reason of the loss of water in his well were incident to the construction of the highway and so directly resultant therefrom that compensation for taking his lands for highway purposes without including therewith the damages to the well as a part of the damages to his remaining land would not be just or an adequate equivalent for his loss. (*Trowbridge* v. *Brookline,* 144 Mass. 139; *Parker* v. *Boston & Maine R. R.,* 3 Cushing, 107; *Cleveland, C., C. & St. L. R. Co.* v. *Hadley,* 179 Ind. 429; 101 N. E. Rep. 473; 45 L. R. A. [N. S.] 796; Lewis Eminent Domain [3d ed.], vol. 2, sections 686, 710; Ruling Case Law, vol. 10, pages 153–158.)

The owner is a non-resident of the state and the court at Special Term refused to allow him any costs in the proceeding, holding that it had no power to allow him

costs, the judge presiding, saying: " If any authority can be found authorizing an allowance of costs to the defendants Fridenberg, the court would unhesitatingly make the allowance in this case."

The question of power depends upon the construction of section 154 of the Highway Law, as amended by chapter 497 of the Laws of 1915, by which there was included therein a clause providing that costs in the proceeding " shall be awarded pursuant to the provisions of section 3372 of the Code of Civil Procedure." Prior to the amendment stated it was held that in cases where an owner of property is not a resident of the state, costs may be awarded under section 3240 of the Code of Civil Procedure which relates generally to costs in special proceedings. (*Matter of State of New York,* 152 App. Div. 633; affd., 207 N. Y. 582; *Oneonta Light & Power Co. v. Schwarzenbach,* 164 App. Div. 548; affd., 219 N. Y. 588.)

" A person or corporation, whose property is sought to be taken under condemnation proceedings, is entitled to be heard at every step in the process, and in justice should be compensated not only for the land or property taken, but should be indemnified against all costs and expenses reasonably incurred either in resisting the appropriation or in the proceedings for ascertaining the compensation to be made." (*Matter of City of Brooklyn,* 148 N. Y. 107, 109.)

It has been held in substance that if in a proceeding to acquire private property for public use the burden is cast upon the owner to pay the expenses which are necessary in the proceeding, the constitutional guaranty of just compensation would not be maintained. (See Lewis Eminent Domain [3d ed.], vol. 2, section 812, and cases cited.)

We do not think that it was the intention of the legislature by the amendment to section 154 of the

Highway Law to take away the power of the court to allow an owner costs in a condemnation proceeding under such law unless the same can be allowed pursuant to the provisions of section 3372 of the Code of Civil Procedure. That section of the Code of Civil Procedure, when made applicable to the Highway Law, should be given the same meaning and effect in the Highway Law that it has in the Code of Civil Procedure, and not be there so construed as to prevent an award of costs to an owner in a condemnation proceeding where costs may be essential to secure to such owner just compensation for his property taken for a public use. Upon the record before us it would seem that the owner should be allowed costs as in an action. The court is not given power to grant an extra allowance of costs in this case. (*Matter of Holden,* 126 N. Y. 589; *Matter of State of New York, supra.*)

We understand that the claim of the owner regarding interest on the award is conceded by the county and that there is now no controversy in regard to it.

The order should be modified by remitting the proceeding to the Special Term to determine whether costs be awarded the owner, and if so, to include the same therein, and as so modified said order should be affirmed, with costs to the defendants Fridenberg.

HISCOCK, Ch. J., COLLIN, HOGAN, CARDOZO, McLAUGHLIN and CRANE, JJ., concur.

Ordered accordingly.