In the Matter of the Claim of JOHN G. VAN ETTEN, Respondent, *v.* THE CITY OF NEW YORK, Appellant, under Section 42, Chapter 724 of the Laws of 1905, as Amended by Section 9, Chapter 314 of the Laws of 1906. (Damage Commission No. 4.)

Third Department, September 11, 1918.

**Waters and watercourses — title of abutting owner in non-navigable stream — municipal corporations — city of New York — liability for damages to land by building of dam upon watershed supplying non-navigable stream — ascertainment of damages under chapter 724 of the Laws of 1905, as amended.**

An owner of lands abutting upon a non-navigable stream takes the title to the center of the thread of the stream with the right to the continued and uninterrupted flow of said stream of which he can only be deprived by his own grant or the exercise of the sovereign power of the State.

Where the city of New York, acting under the provisions of chapter 724 of the Laws of 1905, as amended, has constructed a dam upon the watershed supplying such stream, thereby preventing the flow thereof in its natural channel, but has at no time instituted a proceeding to condemn the property of the abutting owner in said stream, but has petitioned the court for the appointment of commissioners to appraise the damages as though there had been no taking of property, but involving incidental damages, it is in no position to urge on appeal that the owner is limited by the provisions of section 42 of chapter 724 of the Laws of 1905, as amended, and the owner has waived none of his rights by consent to submit his claim to the first tribunal called into being by the city for the purpose of adjusting his rights.

The damages awarded to said owner are fully supported by the evidence. He is entitled to the full value of the property free from any appreciable expense in the protection of his rights.

APPEAL by The City of New York from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of the county of Ulster on the 4th day of December, 1917, confirming the report and award of Damage Commission No. 4, and granting allowances, etc., in this proceeding.

*William P. Burr, Corporation Counsel [William McM. Speer* of counsel], for the appellant.

*Van Etten & Cook [John G. Van Etten* of counsel], for the respondent.

WOODWARD, J.:

The claimant is the owner of a farm in the town of Marble-town, Ulster county, comprising about 809 acres, of which 359 acres are bottom land, the remainder lying higher up and largely devoted to forest. The Esopus creek, a non-navigable stream, flows along the easterly boundary of this farm for a distance of something over one and one-half miles, supported by a watershed of 285 square miles, and under normal conditions this stream flowed a considerable portion of this bottom land at flood, and during the remainder of the season afforded water for farm purposes, fishing, bathing, etc., besides maintaining a ground water level, of great importance in successful agriculture. There can be no doubt that the claimant, as the owner of the lands abutting upon Esopus creek, took title to the center of the thread of the stream (*Fulton Light, H. & P. Co.* v. *State of New York*, 200 N. Y. 400, 412, 413, 414), with the right to the continued and uninterrupted flow of that stream, of which he could be deprived only by his own grant or the exercise of the sovereign powers of the State; and the courts have gone to the extent of holding that a well destroyed, as incident to a public improvement, constituted a taking of property for which compensation must be made. (*County of Erie* v. *Fridenberg*, 221 N. Y. 389.)

The city of New York, acting under the provisions of chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906, has, for the purpose of increasing its water supply, gone upon the watershed supplying the Esopus creek and constructed the Ashokan dam, impounding the waters of that stream above the claimant's premises, and preventing the flow of the stream in its natural channel, except in so far as the waters of the dam are not needed for the filling of the reservoir. The result of this action is to transform the character of the stream in its relations to the claimant's farm; and in a proceeding, claimed to be instituted under the provisions of section 42 of chapter 724 of the Laws of 1905, as amended by section 9 of chapter 314 of the Laws of 1906, the damage commissioners have awarded the claimant the sum of $8,650 and the court has confirmed this award and made allowances for disbursements and counsel fees. The city of New York appeals from the order

of confirmation and from the award of allowances, urging various objections.

We are of the opinion that the appellant, which has chosen its own forum, is hardly in a position to urge that the claimant, whose property has been taken, is limited by the provisions of section 42 of the act, as amended, and as construed by the court in *Matter of Board of Water Supply* (158 App. Div. 116), even though the proceeding appears to be designed simply to provide the means of determining compensation under such section. The city of New York has at no time instituted a proceeding to condemn the property of the claimant in the stream, and if the claimant has been willing to submit his claim to the damage commissioners we see no good reason why he should not be permitted to have a complete remedy in this proceeding. Section 42 of the act is designed to pay the incidental damages growing out of the taking of property, and in a sense there has been no taking of his real estate; there has been no taking of the bed of the stream; but there has been a taking of the right which attached to the ownership of the bed of the stream, which is a taking of property; and it was the duty of the city of New York to have instituted a proceeding for the taking of this right. It did not do this, but petitioned the court for the appointment of commissioners to appraise the damages as though there had been no taking of property, but involving incidental damages; and we apprehend that the claimant has waived none of his rights by consenting to submit his claim for damages to the first tribunal which the city of New York has called into being for the purpose of adjusting his rights. Either the tribunal had no jurisdiction, and the rights of the claimant have not been legally taken, or he is entitled to be treated as commissioners would have been obliged to treat him in a proceeding for the condemnation of his property; and we are of the opinion that the city of New York is not in a position to urge objection to the manner in which the questions have been disposed of by the court at Special Term.

The damages, which the city of New York urges are excessive, are fully supported by the evidence. The claimant bought this farm in various parcels, presumably because he wanted it. He did not invite the city of New York to take

any part of it; he was content with the ownership of the property as he had purchased it, and now that the city has invaded his rights and taken from him his property it is not to be heard that it has been doing him a service. He is entitled to the full value of the property, free from any appreciable expense in the protection of his rights (*Matter of City of New York* [*Town of Hempstead*], 125 App. Div. 219, 222; *Oneonta Light & Power Co.* v. *Schwarzenbach*, 164 id. 548, 559; *Matter of City of Brooklyn*, 148 N. Y. 107; *County of Erie* v. *Fridenberg*, 221 id. 389, 394), and where the proceeding has been conducted in harmony with the general rules governing condemnation proceedings, and the evidence supports the award, we see no reason why the order of confirmation should not be affirmed.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with costs.