In the Matter of the Application for the Acquisition of Lands for the Purpose of Laying Out, etc., Leroy Street in the City of Binghamton.

Willis Sharpe Kilmer, Appellant; City of Binghamton, Respondent.

Third Department, May 7, 1919.

**Municipal corporations — eminent domain — street opening proceeding — failure of commissioners of appraisal to consider resulting and consequential damages — duty of commissioners when viewing property.**

It is error for commissioners of appraisal, appointed to ascertain the damages to a property owner by the extension of a city street through his land, to fail to consider or make any allowance for resulting damages caused by the grading of said street, the flooding of the premises from the proposed construction, or from the necessity of filling in lots in order to conform to the proposed grade of the street, or to fail to consider consequential damages which may be caused by the construction of said street.

Condemnation commissioners in viewing the property and in reaching a conclusion should take into consideration the probable consequences of the street as affecting the remaining property.

Appeal by Willis Sharpe Kilmer, a property owner, from part of an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 8th day of November, 1918, confirming the report of commissioners herein.

An appeal is also taken from the report of the commissioners in so far as it relates to appellant's land.

*Curtiss, Keenan & Tuthill* [*George B. Curtiss* of counsel], for the appellant.

*John Marcy, Jr.,* Corporation Counsel [*Charles R. O'Connor* and *William H. Riley* of counsel], for the respondent.

Cochrane, J.:

The appellant owns about twenty-six acres of land within the limits of the city of Binghamton. Through this land it is proposed to extend Leroy street. The commissioners

appointed to ascertain the compensation to be made to the property owners have pursued the unusual method in their report of specifying their mental processes in ascertaining the compensation to be made to property owners. They say in their report, among other things: "We have not taken into consideration or made any allowance for any resulting damage caused by the grading of said street, the flooding of the premises which may result from the proposed construction of the street, or the necessity for filling in any of said building lots in order to conform to the proposed grade of said street when constructed, and have not taken into consideration or allowed any consequential damages which may be caused by the construction of said street or the prosecution of the work in connection therewith." If the commissioners had taken these matters into consideration and had concluded that the compensation should not be enhanced by reason thereof a different question would be presented. The difficulty is that the commissioners have not considered matters which they should have considered.

Undoubtedly the measure of damages to the appellant is the difference in value of his twenty-six acres with or without the street in question. But this market value may be affected by those circumstances which the commissioners say they have not considered. If the construction of the street in all human probability implies raising the grade or implies the collection or impounding or uneven distribution of surface water, very clearly those circumstances may affect the market value of the land remaining after the construction of the street. So also the prosecution of the work in connection with the construction of the street may be attended with consequential damages to the adjoining land. Such is not necessarily the case, but the error of the commissioners consists in not having considered those features.

In *South Buffalo Railway Company* v. *Kirkover* (176 N. Y. 301, 306) it was said: "It is reasonable that where the State, in the exercise of the right of eminent domain, sees fit to take the property of the citizen without his consent, paying therefor such damages as are the result of the taking, the commissioners in the condemnation proceedings should not only be permitted but required to award the owner a sum that will fully

indemnify him as to those proximate and consequential damages flowing from this act of sovereign power." Some of the factors in that case for which it was held that compensation was properly awarded included the operation of a railroad " with its smoke, noise, dust and cinders, and the embankment obstructions to the view."

. In *County of Erie* v. *Fridenberg* (221 N. Y. 389) the rule was stated as follows: " Where land is acquired for public use without the consent of the owner he is entitled to recover the market value of the premises actually taken and also any damages resulting to the residue including those which , will be sustained by reason of the use to which the portion taken is to be put by those acquiring it." That was a highway case and what was said had reference to damages sustained by the owner by reason of the drying up of a well incidental to the construction of the highway as a result of blasting in the process of such construction.

In Ruling Case Law (Vol. 10, Eminent Domain, § 135) it is said: " The inquiry is, how much has the particular public improvement decreased the fair market value of the property, taking into consideration the use for which the land was taken and all the reasonably probable effects of its devotion to that use. * * * All the items of damages which are. recoverable in the condemnation proceeding must be so recovered and, therefore, the award is a bar to the recovery of damages subsequently accruing."

A witness in estimating value may properly take into consideration such consequences to the remaining land as will naturally and with reasonable certainty follow from the construction of the proposed street. Such consequences naturally affect differently the judgments of different witnesses. Hence to a certain .extent arise their varying estimates of value. To one that may seem important which to another seems trivial. The statute requires the commissioners to view the property. They also should in so doing and in reaching a conclusion take into consideration the probable consequences of the street as affecting the remaining property. Commissioners of appraisal are selected because of their discrimination and intelligence and will appraise the various elements entering into the question of damages at their true value. The com-

missioners herein should consider those things which in their report they say they have not considered and while rejecting that which they find to be conjectural, remote or improbable should give proper force and effect to that which is reasonably certain to affect adversely the appellant.

The order, so far as appealed from, should be reversed, with costs, and the report of the commissioners, so far as it affects the appellant, should be vacated and the proceeding remitted to the commissioners for further consideration.

All concurred.

Order, so far as appealed from, reversed, with costs, and report of commissioners, so far as it affects the appellant, vacated and proceeding remitted to the commissioners for further consideration.