In the Matter of the Application of the STAR SAND AND GRAVEL CORPORATION and Another, Petitioners, for an Alternative Order of Mandamus against HENRY L. MARSH and Others, Sewer Commissioners of Brighton Sewer District No. 2 in the Town of Brighton, New York, Respondents.

Supreme Court, Monroe County, January 2, 1929.

*MacFarlane & Harris*, for the petitioners.

*Remington, Remington & Keating*, for the respondents.

CUNNINGHAM, J. It is alleged that the respondents have entered upon lands owned by the petitioner Maude Redman, and leased to the petitioner Star Sand and Gravel Corporation, and have erected thereon a sewer without lawful authority or right.

When lands are taken for public use the owner has a constitutional right to recover the value of the land actually taken and also the consequential damages arising from the use to which such lands are put by the public authorities. (*County of Erie* v. *Fridenberg*, 221 N. Y. 389.)

Therefore, the petitioners show a clear legal right to be paid for their lands and for the consequential damages arising from the appropriation thereof. Payment, therefore, may be directed by an order of mandamus. (*People ex rel. Desiderio* v. *Conolly*, 238 N. Y. 326.)

Usually the damages to which a party is entitled may be fixed and awarded in a mandamus proceeding. (*People ex rel. Goring* v. *Wappingers Falls*, 151 N. Y. 386; *McGraw* v. *Gresser*, 226 id. 57.)

When lands have been entered upon for a public use without the right to do so having been acquired, the value of the lands and the resultant damages may be fixed by the court. (*American Bank Note Co.* v. *N. Y. El. R. R. Co.*, 129 N. Y. 252.)

The taking from petitioners' property of sand which had not been dug or placed upon the surface of the soil was an appropriation of real estate. (*Lacustrine F. Co.* v. *L. G. & F. Co.*, 82 N. Y. 476, 484.)

If the respondents desired to have the value of the lands fixed by commissioners they could have done so before they entered upon the same. On the other hand, the petitioners are not obliged to have their compensation fixed in this proceeding as it is a matter of election with them whether they will ask for the appointment of commissioners or demand that the amount payable to them for the appropriation of their lands be determined in this proceeding. (*McGraw* v. *Gresser, supra.*)

In the present case the damages will be fixed by a jury. (Civ. Prac. Act, § 1333.)

This is a constitutional method of fixing compensation for a public appropriation of real property. (N. Y. Const. art. 1, § 7.)

The petitioners are properly joined as parties. (Civ. Prac. Act, § 209; *Akely* v. *Kinnicutt*, 238 N. Y. 466.)

As the petition shows a clear legal right to payment for lands appropriated for public use and for the consequential damages caused thereby, petitioners are entitled to an alternative order of mandamus.

I believe that this proceeding should be confined to fixing the amount to be paid for the appropriation of lands and that there should not be joined herein claims for damages alleged to have been caused by the breaking of the sewer.

An alternative order of mandamus is granted in accordance with the foregoing without prejudice to the right of the petitioners to commence another proceeding to recover the damages claimed to have been caused by the breaking of the sewer.