F. Bruce Easton, Appellant, *v.* The State of New York, Respondent.*

(Claim No. 22287.)

Third Department, November 13, 1935.

*Ives & Craft* [*Robert B. Craft* and *Arthur F. Bouton* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*John L. Campbell, Assistant Attorney-General,* of counsel], for the respondent.

*H. H. Fleming,* for the New York Central Railroad Company.

RHODES, J. The claimant is satisfied with the amount of the award for land appropriated. His grievance is that the court below refused to award damages to land belonging to him not appropriated.

The original claimants were the appellant and Nellie M. Easton, his wife. Mrs. Easton died before the rendition of judgment herein

---

* See 153 Misc. 395.

and, by order of the court below, appellant has been made the sole claimant.

The State of New York, for the purpose of eliminating a grade crossing over the Ulster and Delaware railroad on State Highway No. 30, in the town of Roxbury, county of Delaware, appropriated .493 acres of land, which the parties agree was of the value of $200.

Previous thereto claimant had conveyed to the county of Delaware a tract of land upon which was located a spring, and by such conveyance reserved the right to take water therefrom. The water from said spring was conveyed to and supplied claimant's house located about 200 to 250 feet from the spring.

In building the new highway over claimant's land which was appropriated, a concrete gutter was constructed along the side of the road and water from this gutter was cast upon land above the subterranean watercourses which feed the spring, the spring being lower than the highway improvement. As a result thereof the subterranean watercourses have been interfered with, evidently by percolation of muddy and roily water from the gutter into the subterranean watercourses, by reason of which " the water in said spring became roily after every storm * * * and remained so for several days after the storm had subsided and was discolored to such an extent that the water was not suitable for any use whatever in the house."

These facts were found by the court below, but it also found: " That claimants have failed to establish that the damages to said spring were caused by the negligence of the State, its officers or employees." The court also found, as a conclusion of law: " That claimants having failed to establish that the damages to said spring were caused by the negligence of the State, its officers or employees, they are not entitled to an award including such damages."

It is alleged in the claim which was filed herein: " That by reason of the construction of the road and more particularly by the construction of a sluice leading from the road to the lands of claimants, directly above the spring of claimants, the waters of said spring have been polluted and made unfit for human consumption and unfit for household use."

In the opinion below it is stated that the Grade Crossing Elimination Act,* while allowing damages to property not acquired, does not permit the creation of any liability not already existing in law, and that no such liability as is here claimed existed at the time of the taking effect of the act, and that " claimant's right to damages for the pollution of the spring can be sustained only upon the theory of negligence."

* See Laws of 1928, chap. 678, § 6.— [REP.

Claimant asserts that irrespective of negligence, upon the facts here presented, he is entitled to damages to his remaining land, resulting by reason of the use to which the portion taken is put by the State which acquired it, and cites in support of his contention *County of Erie* v. *Fridenberg* (221 N. Y. 389). That case appears to be controlling here. The court there said: " Just compensation is reasonable and adequate compensation and the equivalent for the actual loss that the owner sustains by reason of the public taking his private property. *The rights of the parties in this case are not controlled by the rule relating to the rights of adjoining owners in the legitimate use of their respective properties.* In such case if percolating water is intercepted by such use, an adjoining owner may be without remedy. \* \* \*

" Where land is acquired for public use without the consent of the owner he is entitled to recover the market value of the premises actually taken and also any damages resulting to the residue including those which will be sustained by reason of the use to which the portion taken is to be put by those acquiring it (*South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301). The owner's damages in this case by reason of the loss of water in his well were incident to the construction of the highway and so directly resultant therefrom that compensation for taking his lands for highway purposes without including therewith the damages to the well as a part of the damages to his remaining land would not be just or an adequate equivalent for his loss."

The judgment, in so far as it awards damages for the land appropriated, should be affirmed, and in so far as it refuses damages to claimant's remaining property not appropriated, should be reversed and the matter remitted to the court below for the purpose of considering the damages sustained by claimant to his remaining land caused by the appropriation and construction of the improvement thereon, with costs to the claimant to abide the event.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment in so far as it relates to damages for the land appropriated, affirmed, and in so far as it refuses damages to claimant's remaining property not appropriated, reversed and matter remitted to the court below for the purpose of considering the damages sustained by claimant to his remaining land caused by the appropriation and construction of the improvement thereon, with costs to the claimant to abide the event.

The court disapproves conclusion of law numbered 1 and 2 of the decision, numbered 2 and 3 of the State's requests to find and numbered 2 and 3 of the claimant's requests to find.