SYLVESTER C. VANDERBILT, Claimant, v. THE STATE OF NEW YORK, Defendant.

(Claim No. 23855)

Court of Claims, May 29, 1936.

*Johnson & Searle,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella, Assistant Attorney-General,* of counsel], for the defendant.

BARRETT, P. J. In the construction of the State highway adjoining a portion of claimant's land, a well was rendered unfit for use and damages therefor are sought in this claim upon the grounds stated in claimant's 17th requested finding of fact: " That the excavation made by the State of New York, cut the subterranean stream of water to the claimant's well, and the well was destroyed."

None of claimant's property was appropriated.

In *County of Erie* v. *Fridenberg* (221 N. Y. 389), where a well supplied by subterranean water was damaged by blasting on defendant's appropriated land, the court said (on p. 393): " Just compensation is reasonable and adequate compensation and the equivalent for the actual loss that the owner sustains by reason of the public taking his private property. The rights of the parties in this case are not controlled by the rule relating to the rights of adjoining owners in the legitimate use of their respective properties. In such case if percolating water is intercepted by such use, an adjoining owner may be without remedy."

In that case it was held that a part of defendant's land having been taken for a public use, he was entitled to recover the value of the premises taken, and damages to the residue, including those which were sustained by the use to which the appropriated portion was put, and that damages to the well were consequent to said use.

That case was regarded as controlling in *Easton* v. *State of New York* (245 App. Div. 439; affd., 271 N. Y. 507) where a portion of claimant's property was taken and a well was made unfit for use. No such facts exist in this claim and in the absence of negligence and knowledge of the existence of the subterranean stream there can be no recovery. (*Dillon* v. *Acme Oil Co.*, 49 Hun, 565.)

The State's negligence has not been established. It appears that the highway was constructed in conformity with the usual plans and specifications and the accepted engineering methods, and there is no proof of knowledge of the existence of the subterranean stream. Even if the State's negligence had been established, there could be no recovery as no copy of the claim was served on the Superintendent of Public Works, as required by section 12-a of the Court of Claims Act. (See amendment by Laws of 1936, chap. 775, in effect May 28, 1936.)

The claim must be dismissed.

RYAN, J., concurs.