LEON W. HUEY, Claimant, *v.* THE STATE OF NEW YORK and THE COUNTY OF SCHUYLER, a Subdivision, Defendants.

(Claim No. 24707.)

Court of Claims, March 24, 1939.

*Anthony Kabatt,* for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Alfred F. Spagnolo* and *James H. Glavin, Assistant Attorneys-General,* of counsel], for the State of New York.

RYAN, J. The claimant is the owner of certain farm lands in the town of Tyrone, Schuyler county. The supervisors of that county, in accordance with the provisions of section 148 of the Highway Law (now section 30 since the revision by Laws of 1936, chap. 63), proceeded to acquire lands for right of way for the reconstruction of Tyrone-Reading State Highway No. 1005.

By deed dated August 15, 1935, claimant and his wife conveyed to the county of Schuyler certain parcels of land totalling 2.26 acres. On October 1, 1935, the supervisors instituted condemnation proceedings against a number of property owners for additional parcels of land to be used for the same highway construction. As the result thereof claimant and his wife, by deed dated November 18, 1935, conveyed another parcel, designated as Parcel 2.2, containing 0.47 acres, more or less. For this claimant was paid the sum of eighty-seven dollars and fifty cents.

Upon Parcel 2.2 the State of New York proceeded to construct a concrete bridge. On or about January 10, 1936, in excavating for the foundation for a bridge pier, the State's contractor struck quicksand and a stream of water, and the next day the claimant's well at his house went dry. The house is located about 100 feet from the point of excavation. Two or three days thereafter another well, located at the claimant's barn and about 250 feet from the excavation, went dry. The wells have remained dry and it has become necessary for claimant to install a new water system to supply his home and his live stock.

Notice of intention to file this claim was received by the clerk of the Court of Claims and by the Attorney-General on June 9, 1936, and by the Department of Public Works on July 10, 1936. The claim proper was filed with the clerk of the Court of Claims on November 20, 1936, with the Attorney-General on November 23, 1936, and with the Department of Public Works on November 21, 1936.

Were the claim founded in tort, this court would have no jurisdiction to hear and determine it, because neither the claim nor the notice of intention were timely filed or served. This is true whether one applies the sixty-day limitation prescribed by section 12-a of the Court of Claims Act as it read prior to its amendment by chapter 775 of the Laws of 1936, effective May 28, 1936, or the ninety-day limitation prescribed by subdivision 3 of section 15, written into the act by the 1936 amendment.

However, claimant asserts that his claim is not founded in tort, and on the trial he offered no proof of negligence. His counsel declares in his brief that no negligence has been alleged or proved. Rather it is his theory that there has been an appropriation of claimant's property, that the statutory limitation for filing is two years and that claimant has complied with that provision.

In the case of *Vanderbilt* v. *State* (159 Misc. 586 [1936]) a physical situation similar to the instant one was considered. We held that " in the absence of negligence and knowledge of the existence of the subterranean stream " there could be no recovery where in the construction of a State highway adjoining a portion of claimant's lands, a well was rendered unfit for use. In the *Vanderbilt* case, as here, it appeared that the highway was constructed in conformity with the usual plans and specifications and the accepted engineering methods and there was no proof of knowledge of the existence of the subterranean stream. However, in the *Vanderbilt* case it did not appear that the lands upon which the State excavated had been acquired from the claimant by appropriation or conveyance.

The claimant here asserts that the destruction of his wells was incident to the construction of the highway. He cites *County of Erie* v. *Fridenberg* (221 N. Y. 389 [1917]) and *Easton* v. *State* (245 App. Div. 439 [1936]; affd., 271 N. Y. 507).

In the case first mentioned, Judge CHASE, writing the opinion, said (p. 393): " The owner's damages in this case by reason of the loss of water in his well were incident to the construction of the highway and so directly resultant therefrom that compensation for taking his lands for highway purposes without including therewith the damages to the well as a part of the damages to his remaining land would not be just or an adequate equivalent for his loss." It should be noted that in this case the county of Erie acquired the lands for a county highway and that the issue arose upon the proceedings in condemnation.

The case of *Easton* v. *State* (*supra*) was likewise an appropriation proceeding and the issues before the Court of Claims were the value of the land taken and the damages to the remainder. In that instance the State appropriated the property for railroad grade crossing elimination purposes.

The claimant here contends that when the county of Schuyler acquired his lands for right of way for a State highway it acted as agent for the State. We do not read the provisions of the statute as creating such an agency. The repeated introduction in successive Legislatures during recent years of bills designed to relieve the counties from the duty of providing rights of way and to put that burden on the State negatives claimant's argument. The statute directs the board of supervisors to provide the requisite right of

way for the construction or improvement of a State highway. While it would appear that the item for the loss of claimant's wells could properly have been considered by the commissioners in condemnation in the proceeding instituted by the board of supervisors for the taking of claimant's lands, it is not a claim which we have jurisdiction to hear and determine in the absence of legislation for that purpose.

As stated in *Forbell* v. *City of New York* (164 N. Y. 522, 525 [1900]), the letter of the law as expounded in many cases in this State denies liability for the diversion of underground water so far as its extraction affects no surface stream or pond upon the neighboring land. (See, also *Bloodgood* v. *Ayers*, 108 N. Y. 400 [1888]; *Village of Delhi* v. *Youmans*, 45 id. 362 [1871].) Unless there are features to the case to which the reasoning for the rule does not apply there can be no recovery. There is in this case no negligence, no knowledge of the underground stream and no purpose to capture it (*Forbell* v. *City of New York*, *supra*); and no surface stream or pond affected. (*Smith* v. *City of Brooklyn*, 160 N. Y. 357, 361 [1899]: *Colrick* v. *Swinburne*, 105 id. 503 [1887].)

It is true that there may be an appropriation of real property by the State without the formality of the making, filing and serving of an appropriation map. (*American Woolen Co.* v. *State*, 195 App. Div. 698 [1921]; *Weismantle* v. *State*, 210 id. 608 [1924]; *Rochford* v. *State*, 153 Misc. 239 [1934]; affd., 245 App. Div. 794 [1935].) But in those cases and others of similar tenet there was statutory authority for the State to enter upon and occupy and for this court to hear and determine.

Here the State has been guilty of no negligence and has not trespassed nor entered nor occupied. In executing its duly authorized and rightful work upon its own right of way the State has inadvertently damaged this claimant. Although our determination may seem to work a hardship, we cannot award damages. It may be that the thought expressed by the Court of Appeals in *Konner* v. *State* (227 N. Y. 478 [1920]) will be translated into action at either Watkins Glen or Albany in Mr. Huey's behalf. We quote from the opinion of Judge CHASE (at p. 485): " Although we cannot sustain her claim as presented, if there is in fact a permanent appropriation of some part of her property ʳ * * we cannot believe that either the county or the State will omit pursuant to further remedial legislation or otherwise to determine and pay reasonable compensation to her for her damages so far at least as they have been occasioned by necessary or reasonable acts in carrying out the plan adopted by the State for its highway."

The claim herein must be dismissed. Submit findings accordingly.

BARRETT, P. J., concurs.