JOHN W. ROBB, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 18726.)

Court of Claims, April 2, 1940.

*Spencer, Ogden & Spencer* [*Edward M. Ogden* of counsel], for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Owen M. Begley, Deputy Assistant Attorney-General*, of counsel], for the defendant.

RYAN, J. This claim was filed to recover damages to claimant's property due to seepage of the waters from the Barge canal operated by the State. The decision of this court awarding to the claimant the sum of $1,203 after the first trial of this claim was reversed by the Appellate Division, Fourth Department (251 App. Div. 786), because of a specific finding of fact that the level of the water in the claimant's gravel pit was higher than the level of the water in the canal. A new trial was directed.

Upon the second trial testimony was admitted giving the results of tests made in 1939, subsequent to the first trial. These tests established that the level of the water in the gravel pits is not always higher than the level of the water in the canal as was found upon the first trial. It appears now that although the level in the gravel pits is occasionally higher than the level in the canal, it is usually lower.

It is argued that if water seeps through the walls of the canal then the levels of the water surfaces in the canal, in claimant's gravel pits, and in the test wells dug on claimant's property,

should be at the same elevation and constant in relation to each other. We think this argument is satisfactorily met by the testimony of the engineer who explains that the raising of the water in the canal to the level maintained during the season of navigation creates a head or pressure on the ground water to the south of the canal which affects the flow of the ground water causing the water table in the soil to rise. Thus while it appears that canal water may not reach into the gravel pits and may not appear in the test wells dug on claimant's land, nevertheless the elevation of the water table and the flooding of claimant's gravel pits is due to seepage of canal waters through the banks of the channel. We are satisfied from all of the evidence offered here that claimant's damages have been properly traced to seepage from the canal.

Do these facts create legal liability upon the State? Section 47 of the Canal Law of 1909 (now Canal Law of 1939, § 120) read as follows: " There shall be allowed and paid to every person sustaining damages from the canals or from their use or management, or resulting or arising from the neglect or conduct of any officer of the State having charge thereof, or resulting or arising from any accident, or other matter or thing connected with the canals, the amount of such damages to be ascertained and determined by the proper action or proceedings before the Court of Claims, but no judgment shall be awarded by such court for such damages in any case unless the facts proved therein make out a case which would create a legal liability against the State, were the same established in evidence in a court of justice against an individual or corporation; * * *."

It is the theory of the Attorney-General that the law to be applied here is that governing the diversion of underground water and he cites as authority for dismissal of this claim, two recent decisions by this court, viz., *Huey* v. *State* (170 Misc. 677) and *Vanderbilt* v. *State* (159 id. 586).

After a review of these decisions, and particularly the authorities upon which they are based, we fail to see their applicability to the instant case.

We believe that it has been established by a fair preponderance of the evidence that the canal waters seeped through the banks of the canal and onto claimant's property. This is in the nature of a trespass for which, in our opinion, the State is liable under the section of the Canal Law hereinabove quoted.

As the Appellate Division did rot reverse our previous findings on the amount of damages and as there has been no additional proof offered on that subject, we hold that the claimant is entitled to recover herein the amount first awarded.

FRED M. ACKERSON, Official Referee, acting as Judge, concurs.