Charles T. Major, J.
Claimant seeks compensation for an alleged de facto appropriation of a strip of land off the easterly or front side of its property which is located on the westerly side of Lemoyne Avenue, formerly called “ the State Road ”, and for damages caused by the change of grade, and interference with its access, resulting from a grade crossing elimination project commenced on October 8, 1953 and completed on or about August 26, 1955.
The claim herein was duly filed on August 26, 1955 and has not been assigned or submitted to any other court or tribunal for audit or determination. No claim is made for trespass. The court viewed the premises.
The State denies that it appropriated any of the claimant’s lands, property or rights," and contends that the lands used were within the State’s right of way, and that it is not liable to claimant under common law.
Claimant was and still is the owner of the premises described in the claim, and reference is made thereto for a description without unnecessary repetition. The best use thereof was and is for industrial purposes, and particularly the purpose for which it was being used at the time involved in this claim.
*289 The grade crossing of Lemoyne Avenue over the New York Central Eailroad tracks was eliminated by depressing the highway under the tracks. Before the construction, the railroad extended along claimant’s northerly boundary, and the highway along its easterly side or front thereof.
It has long been settled by common law that the State is not liable for damages due to construction or alteration, including change of grade, of its highways within its own right of way, unless provided for by statute. Claimant’s property and the highway involved are located in a rural area, in which payment for damages for change of grade has not been provided for by statute. Such damages are damnum absque injuria. (Lewis v. State of New York, 258 N. Y. 568; Coffey v. State of New York, 291 N. Y. 494; Van Aken v. State of New York, 261 N. Y. 360; Bennett v. State of New York, 284 App. Div. 828; Raymond v. State of New York, 4 A D 2d 62.)
There may be an appropriation by the State without the formality of making, filing and serving of an appropriation map. (Rizzo v. State of New York, 202 Misc. 439; American Woolen Co. v. State of New York, 195 App. Div. 698; Rockford v. State of New York, 153 Misc. 239, affd. 245 App. Div. 794; Huey v. State of New York, 170 Misc. 677.) If the State took claimant’s lands or an interest therein, it must compensate claimant therefor even if formal appropriation proceedings were not instituted. Taking of property without formal appropriation proceedings is known as a “ de facto appropriation ’ ’.
The parties herein are in disagreement as to the location and width of the right of way involved, which is the first question to be decided and is a question of fact. The burden of proof is upon the claimant. (Niagara, Lockport & Ontario Power Corp. v. State of New York, 187 Misc. 527; Pratt v. People, 13 Hun 664, 665, 667; People ex rel. Palmer v. Travis, 223 N. Y. 150, 167; Matter of Scheibel v. O’Brien, 230 N. Y. 277, 281.) The authority of Rockford v. State of New York (supra) cited by claimant, is distinguishable in that it concerns a claim where no specific action in designating the highway was taken as provided by statute, while in this claim the contrary is true, for the reason that the highway commissioners filed a certificate, which is hereinafter referred to and described.
At the trial, development tract maps showing streets, marked claimant’s exhibits 22 and 23, and an atlas marked State’s exhibits “ B ” and “ B-l ”, were offered in evidence and decision was reserved on the reception thereof. They are all received in evidence under section 389-a of the Civil Practice Act as recorded ancient documents. (Beisheim v. People, 39 *290 N. Y. S. 2d 333.) These exhibits are conflicting and give no explanation, foundation, research or supporting evidence, and under the circumstances are of insufficient value or weight, and fall short of overcoming State’s exhibit “A”.
Exhibit “A” offered and received without objection, is a photostatic copy of a certificate made pursuant to sections 100 and 101 of title I of chapter XYI of part I of the Revised Statutes of New York of 1828, pertaining to the establishment of a road by user. It shows that on May 24, 1842, the highway commissioners for districts 2 and 3 of the Town of Salina examined the route of the State Road, now Lemoyne Avenue, determined that it had been used as a public highway for more than 20 years and filed such certificate in the office of the Town Clerk of the Town of Salina, determining that such road was one chain (66 feet) in width and incorporating a description of its center line according to a survey thereof set forth in the certificate.
Such certificate could not have the effect to increase or change the width or location of the highway. It could be effectual only as a description of the width manifested by the permitted use for 20 years. (People ex rel. Comrs. of Highways v. Judges of Cortland County, 24 Wend. 491; Talmage v. Huntting, 29 N. Y. 447.) The law presumes that the highway commissioners performed their official duty according to law. (Harriman v. Howe, 78 Hun 280, 282.)
Upon the filing of this certificate in the Town Clerk’s office, the area set forth therein constituted a public highway and failure thereafter to use such highway throughout its full width does not alter the extent of the right of way. Once a highway, always a highway, unless it is abandoned or vacated in due course of law which must be shown by those making such claim. (.Matter of Scheibel v. O’Brien, 230 N. Y. 277, supra.)
Such certificate, when filed, not only established the highway, but gives notice thereof to all, and a search of the Town Clerk’s records would have readily informed claimant thereof at the time it purchased its property. It is charged with knowledge of the contents of such certificate.
On the trial, claimant also maintained that even if the court should find the highway was 66 feet wide in accordance with the commissioners’ certificate, that the State had taken a small parcel —250 square feet or .03 acre of claimant’s property outside of such right of way. It presented the testimony of engineers Cull, Patterson and Holmes, who based their measurements on the center line of the old pavement before the reconstruction, and not on the center line of the road as *291 determined in State’s exhibit “ A They failed to show that the center line of the old pavement was the center line of the highway as so originally established. While the location of the legal center line of this highway may not have been well monumented or defined so as to be easily discerned in the neighborhood, it could be plotted with accuracy by a surveyor. Consequently, the claimant has failed in its burden of proof of establishing its contention.
This court, therefore, finds that Lemoyne Avenue adjoining claimant’s property was 66 feet wide, being 33 feet on each side of the center line as described in the aforesaid commissioners’ certificate, and that the State has taken no lands of claimant outside of such right of way.
However, the State did not own the fee to this right of way; it only had an easement therein for highway purposes. The claimant was an abutting owner. It owned to the center of the highway according to its deed. Claimant had a special easement in the highway for purposes of ingress and egress. It is known as an access easement. This easement is property and cannot be taken away or materially impaired or interfered with even under legislative authority, without compensation. (Matter of Scheibel v. O’Brien, supra; Donahue v. Keystone Gas Co., 181 N. Y. 313.) It extends to the full width of the road and is subordinate to the public convenience, of which the public authorities are the judges. (Jones Beach Blvd. Estate v. Moses, 268 N. Y. 362.) It is subject to such reasonable use by the abutting owner as is not inconsistent with its maintenance as a public highway, as may be necessary for the public good and convenience, and does not seriously impair it. (Perlmutter v. Greene, 259 N. Y. 327.) The owner, in the exercise of its rights, has a right to construct and maintain a driveway or other suitable entrance or approach in front of its premises if reasonably necessary, and if done in such a way as not to interfere with the rights of the public and subject to reasonable regulations prescribed by the public authority. (Gilsey Bldgs. v. Incorporated Vil. of Great Neck Plaza, 170 Misc. 945, affd. 258 App. Div. 901.) It cannot be precluded from using such means of access without compensation or without being provided with another suitable means of access.
Such owner cannot insist on the right of access at any place it sees fit, since it holds such right subject to the superior right of the State. (King v. County of Stark, 66 N. D. 467.) Nevertheless, it must be suitable. What may be a suitable means of access is, of course, a question of fact. Mere inconvenience does not stamp a means of access as unsuitable. (Van Aken v. *292 State of New York, 261 N. Y. 360, supra; Miller v. State of New York, 229 App. Div. 423; Coffey v. State of New York, 291 N. Y. 494, supra.)
Prior to the commencement of the grade crossing elimination, Lemoyne Avenue, a two-way road, was practically level and substantially on grade with claimant’s premises. Claimant’s buildings and signs were in full view. Advertising placed on or near the front thereof could readily be seen and read. Claimant corporation was engaged in the business of operating a jobbing, nonferrous foundry, making bronze and aluminum castings. In 1953, it employed 45 to 50 men, took in approximately 100,000 pounds of raw material each month, processed, and delivered the finished product. All deliveries, in and out, were made by trucks, which could be backed directly from the highway so that the rear door of the truck would be flush with a platform inside the front door of the plant, resulting in reduced cost in loading and unloading. After the construction work, the old Lemoyne highway was lowered. Claimant’s driveway and easement of access was cut off by an embankment descending 22 feet to 24 feet, along the front of claimant’s property, with a curb constructed at the bottom, heavy steel cable fence along the top, and a fence barricade along the railroad right of way on claimant’s north boundary. Claimant’s access was obliterated. It could no longer back trucks into its plant or even get in over its own or public property. In lieu thereof, without claimant’s agreement or consent, the State constructed a sort of substitute for claimant’s easement of access along the top of the embankment commencing about 1,200 feet southerly of claimant’s lands and running northerly past the front of the Grandinetti building (now used by General Electric), Consolidated Gas property, Laure Building Supply, and the driveway of one private residence, thence a short distance onto claimant’s lands.
This interference with claimant’s direct easement and the substitution of a new means of access increased claimant’s cost of operation. It necessitated the rental of a parcel of land on claimant’s south side to enable trucks to turn and back in, so that the side of the truck stopped adjacent to a newly constructed platform instead of backing into the rear door. Claimant was compelled to move its power lines at its own expense to accommodate the new loading platform addition leading out from the front door. The cost of changing the power lines was $1,100, and the cost of the loading platform was $2,700. The rental cost of the lands leased by claimant was $60 per month for a parcel 60 feet by 200 feet, owned by *293 James Laure estate, which has refused to sell the premises to claimant. It appears that a refusal to rent such lot to claimant would greatly interfere with claimant’s business in receiving and delivery of material, and again greatly increase its cost of operation, or possibly cause it to discontinue business in competition with other plants.
The court determines that the interference with claimant’s easement of access is more than an inconvenience and the substituted access road is not suitable for claimant’s purposes. The claimant has suffered damages for which it must be compensated. This damage is the difference in value immediately before the taking of the easement, less the value immediately after the taking, because of loss of suitable access and without allowance for change of grade.
The court finds that the value of claimant’s premises immediately before and at the taking of such easement of access was $80,190, and the value thereof immediately after the taking of the access easement was $66,190.
Claimant is awarded the sum of $14,000, with interest thereon from October 8, 1953 to date of entry of judgment.
The foregoing constitutes the written and signed decision of this court upon which judgment may be entered. (Civ. Prac. Act, § 440.)
Judgment is directed accordingly.