■  MELOON BRONZE FOUNDRY, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33351.) — Judgment reversed on the law and facts and a new trial granted. Memorandum: The Court of Claims ruled correctly that there could be no recovery for damages due to change of grade in this case, the property being "located in a rural area, in which payment for damages for change of grade has not been provided for by statute", citing *Raymond* v. *State of New York,* (4 A D 2d 62) which has since been affirmed by the Court of Appeals, (4 N Y 2d 961). However, the court erred in allowing damages for impairment of the claimant's easement of access to the highway, which resulted from the change of grade. While an abutting owner has an easement of access to the highway, he holds the easement subject to the paramount right of the State or municipality to change the grade of the highway and there can be no recovery of damages for impairment of the easement resulting from such a change, in the absence of statute (*Sauer* v. *City of New York,* 180 N. Y. 27, 33, affd. 206 U. S. 536). The fact that the abutting owner owns the fee in the highway and the public has only a highway easement is of no materiality in this connection. The cases dealing with interference with the easement of access by reason of the erection of a private structure in the public highway, like an elevated railroad, are not in point. If access to the property is completely cut off by the change of grade, or if there is left no suitable means of access, there may be a recovery of damages, on the theory that the property has been virtually taken by the State,

by analogy to the rule in the cases dealing with the closing of streets leaving no suitable means of access (*Holmes* v. *State of New York,* 279 App. Div. 489; 282 App. Div. 278). The question of whether the claimant in this case was left without any suitable means of access should be re-examined in the light of the principles herein set forth. We agree with the trial court that on the present record the claimant failed to establish an actual appropriation of any part of its land by the State. However, since there is to be a new trial, the claimant will have a further opportunity to offer proof on that subject, if it is so advised. All concur. (Appeal from a judgment of the Court of Claims, for claimant on a claim for damages for the alleged appropriation of realty.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ. [8 Misc 2d 286.]