■ BENDERSON DEVELOPMENT COMPANY, INC., Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 53632.)—Judgment unanimously modified, on the law and facts, in accordance with memorandum, and, as modified, affirmed, without costs. Memorandum: Both claimant and defendant have appealed from a judgment in the Court of Claims awarding $37,327 for an appropriation on August 20, 1964, under section 30 of the Highway Law, made in connection with the widening of Jefferson Road in the Town of Henrietta, Monroe County. Prior to the taking, claimant was the lessee under a 50-year net landlease of 9.7731 acres of vacant land lying to the north of Jefferson Road and having approximately 500 feet of frontage on that road. Claimant had at its own expense improved the leased parcel with a shopping plaza consisting of a large parking area and two commercial structures used as a discount store and a supermarket. The appropriated parcel consisted of a strip running along the Jefferson Road frontage varying in width from 32 to 69.1 feet and comprising 0.545 acres. The judgment below included $20,085 awarded as consequential damages to claimant's leasehold interest resulting from increased flooding due to the State's sealing of drains which, prior to the road improvements, had conducted water accumulating on the parking area to a drainage ditch maintained by the State along the northerly edge of Jefferson Road. Claimant's drain pipes had been installed at its expense pursuant to a highway work permit granted on June 26, 1961 in which the State Department of Public Works had given permission for the construction of two access roads and necessary drainage revisions. The permit was granted by the State without consideration under the applicable provisions of the Highway Law, subject to specific conditions, including, *inter alia,* "9. The Superintendent of Public Works reserves the right to revoke or annul the permit at any time and at his discretion without a hearing or the necessity of showing cause", and "17. If necessity arises in the future because of highway maintenance, reconstruction, or new construction, requiring the relocation, replacement or removal of the installation authorized by the permit, said work shall be done and all expense borne by the permittee." On October 31, 1969, the State notified claimant by letter that claimant's drainage pipes were lower than the State's newly installed storm sewer and that claimant would "have a problem of draining [its] parking lot." After several conferences between claimant and the State Highway Department claimant was notified by letter on July 30, 1970 that the drains for the parking lot which had emptied into the ditch before the improvement would be sealed off, and on August 5, 1970 the drains were sealed. It is not clear that the highway permit granted permission to claimant to drain its parking lot into the State ditch. However, assuming that it did grant such permission, it was a permit which by its terms could be revoked at any time at the discretion of the Superintendent of Public Works. Therefore claimant had no property interest in it and suffered no compensable loss as a result of the sealing. *(Acton v United States,* 401 F2d 896, cert den 395 US 945; 2 Nichols, Eminent Domain [3d

ed, 1976], § 5.751.) Nor did claimant suffer compensable damage from the change of grade of the highway. (Sauer v City of New York, 180 NY 27, affd 206 US 536; Meloon Bronze Foundry v State of New York, 6 AD2d 993; 2A Nichols, Eminent Domain [3d ed, 1976], § 6.4441, subd [1]) or from the resultant overflow of water onto claimant's property, where, as here, there has been no creation of a defined watercourse or alteration of any existing one. (Bennett v Cupina, 253 NY 436, 439; Bull v State of New York, 231 App Div 313; Geiger v City of New York, 141 NYS2d 667.) It was error, therefore, to award the $20,085 resulting from the alleged flooding condition. In computing claimant lessee's damages resulting from the actual taking of the strip along the highway, Trial Term correctly computed the economic rent of the 9.773 acres as $34,474 by assuming a return of 8.5% on the value of the land which it correctly set at $405,580. To compute the value of the leasehold it deducted the contract rent reserved in the net lease, $26,000, without having added to that rent the sums represented by real estate taxes allocable to the land which claimant as tenant agreed to pay as "additional rent" under the terms of the lease. This was error. (See Matter of City of New York [127-129 Water St. Corp.—Gillies Coffee Co.], 19 AD2d 44, 47; Matter of City of New York [Ruppert Brewery Urban Renewal Project], 67 Misc 2d 863, 874.) This "additional rent", representing that portion of the total taxes on the property ($15,510) which would be allocable to the land alone, was $708 (allocated in accordance with respective assessments of land and buildings). The difference between the annual economic rent ($34,474) and the corrected annual contract rent ($26,708), or $7,766, multiplied by the applicable Inwood (present worth) factor for 8.5% for the remaining 42 years of the lease, of 11.41, results in a "bonus value" per acre to the tenant of $9,066.83. The loss sustained by the claimant tenant from the taking of 0.545 acres of leasehold was, therefore, $4,941. As a result of the taking it was necessary for claimant to remove a small pump house containing electrical control equipment from the appropriated parcel and to construct a similar building at a new location. There is evidence that the actual cost for relocating the equipment and for the construction was $12,300. The amount awarded, $7,800, included the cost of relocating the equipment but omitted any compensation for the construction of the new building to house it. This was error and the claimant should have been compensated for the total damages in the amount of $12,300. The award of $4,050 for blacktop taken is supported by the evidence. The amount awarded should be modified by deleting the item of $20,085 for damage to claimant's leasehold interest, increasing the amount awarded for relocating and rebuilding the pump house from $7,800 to $12,300, and decreasing the amount awarded for 0.545 acre of leasehold land taken from $5,391 to $4,941. Accordingly, the judgment should be modified by reducing the amount to be recovered for the appropriation to $21,291 with interest thereon as allowed by law. (Appeals from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Moule, Dillon, Hancock, Jr., and Witmer, JJ.