SYLVANUS VAN AKEN et al., Respondents, *v.* THE STATE OF NEW YORK, Appellant.  (Claim No. 19576.)

(Argued March 9, 1933; decided April 11, 1933.)

*John J. Bennett, Jr., Attorney-General (James Gibson* and *Harold P. Burke* of counsel), for appellant.  The damages, excepting the value of the easement appropriated, were *damnum absque injuria,* for which there can be no recovery.  (*Miller* v. *State of New York,* 229 App. Div. 423; *Transit Comm.* v. *L. I. R. R. Co.,* 253 N. Y.

345; *Adamo* v. *State of New York*, 235 App. Div. 12; *Matter of New York Municipal Ry. Corp.* v. *Weber*, 226 N. Y. 70; *Storey* v. *Elev. R. R. Co.*, 90 N. Y. 122; *Warner* v. *State of New York*, 132 App. Div. 611; 204 N. Y. 682; *O'Brien* v. *N. Y. C. & H. R. R. R. Co.*, 148 App. Div. 733; *City of Corning* v. *O'Neill*, 180 App. Div. 454; *Sauer* v. *City of New York*, 180 N. Y. 27; 206 U. S. 536; *Willis* v. *Winona*, 59 Minn. 27.)

*Joseph M. Fowler* for respondents.   Regardless of actual taking the judgment was authorized.   (*Coster* v. *City of Albany*, 43 N. Y. 399; *City of Corning* v. *O'Neill*, 180 App. Div. 454; 227 N. Y. 625; *People ex rel. Bushnell* v. *Newell*, 131 App. Div. 555; *Taylor* v. *Hopper*, 62 N. Y. 649; *Reis* v. *City of New York*, 188 N. Y. 58.)   Actual taking of a portion entitled claimants to damages to the whole.   (*Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *South Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301; *Matter of New York Mun. Ry. Corp.* v. *Weber*, 179 App. Div. 245.)

O'BRIEN, J.   Claimants' farm in Ulster county abuts on and lies south of a highway known as Clay road which leads in an easterly direction to Port Ewen.   Its acreage is separated by the right of way of the West Shore division of the New York Central railroad which runs north and south.   During many years communication between the two parcels consisted in passing a few feet along Clay road over a grade crossing.   The State eliminated this crossing by the erection of a fence on each side of the tracks and, as a result of the closing of Clay road at this point, transit for vehicles from the homestead and barn to the other division of the farm is practicable only by proceeding along a road which extends north from the westerly end of Clay road and thence by traveling east by another road, parallel to and north of Clay road and leading also to Port Ewen, and finally by journeying south on a new road which connects the northerly Port Ewen road with that section of Clay road lying east of

the closed grade crossing. The distance included within this circuit is more than a half mile.

As part of the proceeding directed to the elimination of the crossing and the construction of the new highway which connects the two roads to Port Ewen, the State acquired an easement in an extremely small portion of the east division of the farm. The part taken consists only of fourteen one-thousandths of an acre. Damages against the State, based upon the taking of the easement in this tiny parcel and upon the elimination of the crossing and the consequent inconvenience of access between the two sections of claimant's property, have been awarded. So much as constitutes compensation for the direct taking is proper. The validity of that part of the award for consequential damages, arising from the closing of Clay road at the railroad crossing, is the issue of law between these parties.

The Grade Crossing Elimination Act (Laws of 1928, ch. 678) provides by section 5 (subd. 8) that any owner may present to the Court of Claims a claim for the value of "such property appropriated and for legal damages." It provides by section 6 that, if the work of elimination causes damage to property not acquired, the State shall be liable, but that "this provision shall not be deemed to create any liability not already existing in law." The courts below have reaffirmed the correctness of the doctrine that, if none of claimants' property had been taken, the damages caused by the closing of the railroad crossing would be *damnum absque injuria*. (*Miller* v. *State*, 229 App. Div. 423.) They have held, however, that since some part has been taken, damages for the closing may be recovered. We cannot adopt this rule. It results in the creation of a "liability not already existing in law," and its application is forbidden by the provisions of section 6. Such consequential damages as may be awarded are those resulting from a direct taking. The appropriation of the small portion of land east of the track did not in any way affect claimants' access. The inconvenience

was caused not by the excavation of the bank for the purpose of curving the intersection of the old road with the new but by the erection of the fences on both sides of the track across the old road. Access to a highway remains for each division of claimants' premises. The westerly section continues to have an outlet through the road leading north from Clay road. The easterly section abuts, as formerly, on that part of Clay road which runs directly to Port Ewen. On these facts, no damages for closing were recoverable at common law and the statute has distinctly failed to create a new liability.

The order of the Appellate Division and the judgment of the Court of Claims should be reversed and the matter remitted to the Court of Claims with directions to make an award only for the taking of the fourteen-thousandths of an acre.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG and CROUCH, JJ., concur; HUBBS, J., not sitting.

Ordered accordingly.