appeal to the Court of Appeals denied. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

In the Matter of Joseph P. Touma, Petitioner, for an Order of Certiorari against William D. Robbins, City Manager of the City of Niagara Falls, and Others, Respondents.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

Jessica Tharratt Best, as Administratrix, etc., of Brinkerhoff A. Tharratt, Deceased, Plaintiff, v. Effie L. Patten, Appellant; The Syracuse Trust Company, William E. Lewis, Defendants, and The First National Bank and Trust Company of Utica, N. Y., Respondent.— Motion for reargument granted.* Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

James O. Sebring, Appellant, v. Clarence N. Martin and Others, Respondents.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

Diana Balistreri, Respondent, v. Francesco Paolo, Appellant.— Motion for a reargument denied, with ten dollars costs; motion for leave to appeal to the Court of Appeals denied. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

In the Matter of the Application of Jay W. Wolfe for the Removal of Merrills E. Trask from the Office of Trustee of the Village of Lakewood, County of Chautauqua, New York.— Issues referred to Hon. Clinton T. Horton, official referee, to take the proofs and return the same together with his opinion thereon. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

Buffalo Valley Realty Company, Respondent, v. The State of New York, Appellant. (Claim No. 21937.) — Judgment reversed on the law, with costs, and claim dismissed. Memorandum: The preliminary notice according to its terms was informal and " for information only." No formal notice was ever furnished. The informal notice, description and map (Exhibit 12) filed October 29, 1931, were never legally served on claimant. (Laws of 1928, chap. 678, § 5, subds. 4, 5.) Therefore, the Public Service Commission had the right to " withdraw " these documents (Subd. 3-b of said § 5, in effect April 15, 1929). This it did by a certificate of withdrawal on June 14, 1932. Whereupon, pursuant to subdivision 3-b all rights under Exhibit 12 ceased and were determined. There having been no appropriation of the land in question (parcel No. 7, containing .004 of an acre of land) no consequential damage can be awarded. (Van Aken v. State of New York, 261 N. Y. 360; Miller v. State of New York, 229 App. Div. 423.) All concur. (The judgment awards damages for appropriation of land for grade crossing elimination.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

Charles Burkle, Respondent, v. William B. Boothby, Appellant.— Judgment and order affirmed, with costs. All concur, except Taylor, J., who dissents and votes for reversal and for a new trial on the ground that the findings that the plaintiff was free from contributory negligence and the defendant from negligence were against the weight of the evidence. (The judgment awards damages for personal injuries in an automobile negligence action. The order denies motion for a new trial on the minutes.) Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

---

* Opinion and decision handed down on March 25, 1936, were not reported by direction of court. (See 247 App. Div. 861; post, p. 678.) — [Rep.