THE BUFFALO CO-OPERATIVE STOVE COMPANY, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 23381.)

THE NEW YORK CENTRAL RAILROAD COMPANY, THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, ERIE RAILROAD COMPANY and CANADIAN NATIONAL RAILWAY COMPANY, Appellants.

Fourth Department, September 22, 1937.

*John J. Bennett, Jr., Attorney-General* [*DeWitt Clinton, II*, of counsel], for the defendant, appellant.

*Rann, Brown, Sturtevant & Kelly* [*DeWitt Clinton, II*, of counsel; *DeWitt Clinton* and *Howard R. Sturtevant* with him on the brief], for the appellant New York Central Railroad Company.

*Locke, Babcock, Hollister & Brown* [*S. Fay Carr* of counsel; *Louis L. Babcock* with him on the brief], for the appellant Delaware, Lackawanna and Western Railroad Company.

*Moot, Sprague, Marcy, Carr & Gulick* [*S. Fay Carr* of counsel], for the appellants Erie Railroad Company and Canadian National Railway Company.

*Godfrey M. Frohe*, for the claimant, respondent.

TAYLOR, J.  This is an appeal from a judgment of the Court of Claims awarding damages to claimant for injuries to its property found to have been sustained as the result of grade crossing eliminations.

Claimant's property is situated at the northeast corner of the intersection of Amherst and Tonawanda streets in the city of Buffalo; it has a frontage of 290 feet on the northerly side of Amherst street, is 162 feet in depth on its westerly line (Tonawanda street) and 352 feet in depth on its easterly line; in the rear it abuts on the right-of-way of the New York Central Railroad. The tracks of the appellant railroad companies, all parallel with the New York Central right-of-way and nineteen in number, crossed Tonawanda street and Amherst street obliquely at grade a short distance from the intersection of these two streets. Both of these grade crossings were eliminated; the railroad tracks were elevated upon an embankment seven feet high across both Tonawanda and Amherst streets, thus closing these streets at the New York Central right-of-way. A subway was constructed under the Amherst street crossing and new streets were provided which connected the subway with Tonawanda street north of the crossings and Amherst street east of the crossings. The grade of the southerly fifteen feet of Amherst street, for a distance of 137 feet opposite the westerly half of claimant's property, was lowered in connecting Amherst street with the subway. The grade of the northerly thirty-eight feet of Amherst street, in front of the westerly half of claimant's property, was not changed. A concrete retaining wall, protecting the lowered portion of Amherst street, was erected. A permanent elevated water tank for the exclusive use of the New York Central Railroad, having a circular base and extending fourteen feet into the area of Tonawanda street but not into the roadbed, was erected on the opposite side of Tonawanda street across from the southwesterly corner of claimant's property. The practical effect of these changes, in relation to claimant's property, was to divert Amherst street through the subway and leave claimant's property abutting upon a public street, of sufficient but lessened width, that commenced at the point of diversion on Amherst street and ended at the railroad embankment on Tonawanda street.

The judgment appealed from awards claimant $5,000 for injuries to its property determined to have been caused by the change of grade in Amherst street and $25,000 for injuries to its property occasioned by changes other than the change of grade.

Appellants contend that claimant sustained no legal damage because of the change of grade in Amherst street; they assert that the claim here involved arises under chapter 679 of the Laws of 1928 and that said statute provides no remedy to an abutting owner for injuries sustained by a change of grade in a public street.

The Court of Claims has determined, and correctly we believe, that this claim arises under chapter 844 of the Laws of 1926 which

became effective May 17, 1926. While the work of the elimination was not commenced until March 24, 1930, it is provided by section 11 of chapter 679 of the Laws of 1928, which became effective March 27, 1928, that the provisions of the act, with certain exceptions with which we are not now concerned, shall not affect any grade crossing elimination proceeding pending at the time the act shall take effect. The elimination of these crossings was ordered by the Public Service Commission on July 13, 1927, pursuant to the provisions of chapter 844 of the Laws of 1926. This proceeding, therefore, was pending at the time chapter 679 of the Laws of 1928 became effective and is controlled by the provisions of said chapter 844 of the Laws of 1926 which affected the original Buffalo Grade Crossing Elimination Act (Laws of 1888, chap. 345, as amd.).

The Buffalo Grade Crossing and Terminal Station Commission was created by chapter 231 of the Laws of 1923, on consolidation of the Terminal Station Commission and the Grade Crossing Commissioners, as an agency of the city of Buffalo to effect the elimination of grade crossings within that city and continued as the agent of the city until the effective date of chapter 679 of the Laws of 1928, when it became the agent of the State of New York. It directed the alteration of the grade in Amherst street in connection with the elimination of these crossings as the agent of the city and the city was liable for damages thereby caused, by reason of the provisions of section 367 of the Buffalo City Charter. While chapter 844 of the Laws of 1926 did not create any new remedy against the State for damages resulting from a grade crossing elimination, it did not destroy any remedy that existed under the provisions of the Buffalo City Charter. (*Askey & Hager, Inc.*, v. *State of New York*, 240 App. Div. 451; affd., 266 N. Y. 587.)

Claimant, therefore, is entitled to damages for any injuries to its property resulting from the change of grade in Amherst street.

The award of $25,000 concededly is not based upon any liability imposed by statutory or charter provisions; while claimant is entitled, at common law, to compensation for damages arising from the impairment of easements of light, air and access in and to that part of Tonawanda street in front of its property which is now occupied by the water tank and embankment (*Story* v. *New York Elevated R. R. Co.*, 90 N. Y. 122; *Reining* v. *New York, Lackawanna & Western R. Co.*, 128 id. 157; *Muhlker* v. *New York & Harlem R. R. Co.*, 197 U. S. 544), such damage, if any damage there be, was not extensive and the award must have proceeded upon the theory that claimant was entitled to damages for the closing of its outlet to the north over the original line of Tonawanda

street and for other changes in these streets. No compensation for these changes, however, should have been allowed; no part of claimant's land was taken or encroached upon; access to all parts of its property can still be had through and over public streets; claimant has no title to the soil in either street and it, therefore, has no remedy at common law except as above noted. (*Sauer* v. *City of New York*, 180 N. Y. 27; affd., 206 U. S. 536; *Van Aken* v. *State of New York*, 261 N. Y. 360; *Kings County Fire Ins. Co.* v. *Stevens*, 101 id. 417; *Fearing* v. *Irwin*, 55 id. 486; *Coster* v. *Mayor, etc., of City of Albany*, 43 id. 399; *Buchholz* v. *New York, Lake Erie & Western R. R. Co.*, 71 App. Div. 452; affd., 177 N. Y. 550; *Matter of Joiner Street* [*City of Rochester*], 177 App. Div. 361.)

Claimant contends that the award may be supported by reason of the finding that Amherst and Tonawanda streets are "ancient streets" which were dedicated by a map and its lots bounded by a street with reference to said map, thereby entitling it to peculiar easements in these streets not commonly possessed by owners of lots abutting on a public street. In *Matter of Joiner Street* (*City of Rochester*) (177 App. Div. 361) a similar contention was considered by this court and rejected. In that case it was held that " when a map of a tract of land is made showing such land as laid out in blocks and lots and streets according to a survey and lots are sold and conveyed by deeds in which the lots so sold and conveyed are described by reference to the map and as abutting on the spaces described as streets," such dedication of the spaces designated as streets gives the owners of such lots, after the spaces become streets of a municipality by acceptance of the public authorities, no special easements not possessed by owners of lots situated on streets otherwise acquired.

Claimant argues that the case of *Matter of Grade Crossing Commissioners, Nos. 120 & 125* (210 App. Div. 328; affd., 240 N. Y. 612), detracts from the force of what was written in *Matter of Joiner Street* (*City of Rochester*) (177 App. Div. 361). The answer to this argument is that, in *Matter of Grade Crossing Commissioners* (*supra*) the only questions involved and decided were the constitutionality of chapter 576 of the Laws of 1916 and the rights thereunder acquired. We see no reason to change or modify the views expressed in *Matter of Joiner Street* (*City of Rochester*) (*supra*).

*Dwornik* v. *State of New York* (251 App. Div. 675) involved property situated on the same tract in which the property in this case is situated, viz., The Parish Tract. In that case a judgment based upon an award of damages for deprivation of private easements as appurtenant to a lot abutting on an " ancient street " was reversed and the claim dismissed.

Since the facts in this case are not distinguishable on principle from the facts in *Matter of Joiner Street (City of Rochester) (supra)* and *Dwornik* v. *State of New York (supra),* the award of $25,000 is based upon an erroneous principle and may not be sustained.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide the event.

All concur. Present — SEARS, P. J., EDGCOMB, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Certain findings of fact disapproved and reversed.