MARY A. COFFEY et al., Respondents, *v.* STATE OF NEW YORK, Appellant.

(Claim No. 24384.)

Argued October 21, 1943; decided January 13, 1944.

*Nathaniel L. Goldstein, Attorney-General (Gerald J. Carey* and *Orrin G. Judd* of counsel), for appellant. Damages sustained by reason of the temporary closing of a street during the work of a public improvement are not recoverable. (*Matter of Staten Island R. T. Ry. Co.,* 220 App. Div. 80, 245 N. Y. 643;

*Matter of Erie R. R. Co.* v. *Board of Public Utility Commrs.,* 254 U. S. 394; *Welde* v. *N. Y. & H. R. R. Co.,* 28 App. Div. 379; *Matter of Squire,* 125 N. Y. 131; *St. John* v. *Mayor of New York,* 13 How. Pr. 527; *Story* v. *N. Y. Elev. R. R. Co.,* 90 N. Y. 122; *Adamo* v. *State of New York,* 235 App. Div. 12; *Farrell* v. *Rose,* 253 N. Y. 73; *Transportation Co.* v. *Chicago,* 99 U. S. 635; *Chicago Flour Co.* v. *Chicago,* 243 Ill. 268; *Uline* v. *N. Y. C. & H. R. R. R. Co.,* 101 N. Y. 98; *Lahr* v. *Metropolitan Elev. Ry. Co.,* 104 N. Y. 268; *Pappenheim* v. *Metropolitan Elev. Ry. Co.,* 128 N. Y. 436; *Moller* v. *N. Y. C. R. R. Co.,* 282 N. Y. 188.)

*Samuel Ginsburg* and *Levi Ginsburg* for respondents. The award for damages sustained by claimants as a result of the temporary interference with, and obstruction of, their rights and easements was proper. (*West 158th St. Garage Corp.* v. *State of New York,* 256 App. Div. 401; *Mirro* v. *State,* 172 Misc. 963, 260 App. Div. 525, 285 N. Y. 678; *Lewis* v. *N. Y. & H. R. R. Co.,* 162 N. Y. 202; *Taylor* v. *N. Y. & H. R. R. Co.,* 27 App. Div. 190; *Williams* v. *Brooklyn Elev. R. R. Co.,* 126 N. Y. 96; *Matter of Grade Crossing Commrs.,* 17 App. Div. 54, 154 N. Y. 550; *Pond* v. *Metropolitan Elev. Ry. Co.,* 112 N. Y. 186; *Cooper* v. *New York L. & W. Ry. Co.,* 122 App. Div. 128; *Moller* v. *N. Y. C. R. R. Co.,* 282 N. Y. 188.)

DESMOND, J. The Court of Claims gave claimants an award against the State for alleged damage to their real property situated on Railroad Avenue in the city of Elmira, New York, which damage, the court found, had resulted from the construction by the State of a grade crossing elimination project in Railroad Avenue. The award is made up of two items. The first item, not here contested by the State, is for permanent damage to the fee value of the premises resulting from permanent obstruction and interference with the easements of light, air and access to the premises The other part of the award, being the part which the State questions on this appeal, was allowed by the Court of Claims as compensation for the temporary diminution in rental value of the premises during the progress of the work by reason of the laying in the street, very close to but not on claimants' premises, of temporary railroad tracks. These tracks were in use for about ten months and were necessary, at a certain stage in the progress of the

general improvement, temporarily to carry the trains of the Erie Railroad Company. Prior to the elimination work the tracks of the Erie Railroad ran at grade down the middle of Railroad Avenue on which thoroughfare claimants' premises had a frontage of 105 feet with a frontage of eighty-eight feet on West Market Street, which intersected Railroad Avenue. Claimants' real property did not include any part of Railroad Avenue. The elimination project consisted of the erection in the center of Railroad Avenue, of an elevated concrete structure about twenty feet high and constructed within the same part of Railroad Avenue that had theretofore been occupied by the railroad tracks at grade. After the project had been completed there remained in Railroad Avenue in front of claimants' property and between their property and the new structure, a roadway eighteen feet wide, somewhat wider than the stretch of open roadway which had previously lain between claimants' property and the nearest track. The grade of Railroad Avenue in front of claimants' building was changed only slightly and the slight change, as found by the court, caused no damage. The item for temporary damages, here contested by the State, arose from this situation: when the construction work on the new project reached a point where the new structure was not ready for use but it was not feasible any longer for the railroad tracks to be used in their old location in Railroad Avenue, temporary detour tracks were laid around the new structure at grade and on the side nearer to claimants' property. These temporary tracks which were used for nearly a year as aforesaid, at no point trespassed on or occupied any part of claimants' land but were entirely within the street lines. Parallel to the temporary tracks and within the street lines but on a part of what had been a sidewalk in front of claimants' premises, there was built a fence between the new tracks and the remaining part of the sidewalk leaving in front of claimants' building a sidewalk only four feet wide. Besides the inconvenience that resulted to pedestrians from the narrowing of the sidewalk there was noise, smoke and cinders from the passing trains so that, while the narrowed sidewalk was not completely impassable it was rendered so inconvenient that few if any pedestrians used it. Temporarily the rental value of the stores and apartments in claimants' building was practically destroyed.

We have come to the conclusion that there was no legal basis for an award to claimants to compensate them for this real though temporary damage. A reversal of that part of the award, we think, while it may " appear to be at variance with natural justice, rests upon the soundest legal reasons " (*Transportation Co.* v. *Chicago,* 99 U. S. 635, 641).

There can be no doubt, and it was expressly found by the Court of Claims, that the temporary closing of Railroad Avenue in front of claimants' property was " in the course of and for the purpose of a grade crossing elimination and pursuant to the authority of the legislature of the State of New York." Although the detour tracks were laid for the use of, and immediately for the benefit of, the railroad, it cannot be doubted that this track relocation was a part of the public project for the elimination of the crossing at grade. The whole work was done in accordance with chapter 678 of the Laws of 1928, and the answer to the question in this case depends on the application here of section 6 of that chapter which is as follows: " If the work of such elimination causes damage to property not acquired as above provided, the state shall be liable therefor in the first instance, but this provision shall not be deemed to create any liability not already existing in law. * * *."

In *Askey & Hager, Inc.,* v. *State of New York* (240 App. Div. 451, 453, affd. without opinion 266 N. Y. 587) a practically identical provision in another statute was constructed to mean " that if there was a remedy available to such injured property owner at the time the act took effect, the State agrees to pay; but if there was not, the statute is not to be taken as creating any new liability." We think it finally settled that section 6 of chapter 678 of the Laws of 1928 above quoted, did not create any new cause of action in any case where no cause of action previously existed but did impose on the State of New York, in the first instance, any liabilities that theretofore existed under common law or statute. We do not find that there ever existed any right of action for temporary (or permanent) damage consisting of partial loss of access and resulting inconvenience to an abutting property owner caused by the erection of a grade crossing elimination structure in the adjacent street. In *Miller* v. *State of New York* (229 App. Div. 423, 425) cited with approval in the *Van Aken* case in this

court to which we shall hereafter refer, the Appellate Division said that " it is settled law that the owner of property abutting upon a highway which is graded or changed by the public authorities has no right of action, unless it is given by some express statute." In *Van Aken* v. *State of New York* (261 N. Y. 360) which arose under the same statute as the present case, and in which Judge O'BRIEN's opinion cites with approval the *Miller* case excerpt above quoted, claimant owned a farm which fronted on a public road but which farm was bisected by a railroad which crossed at grade a road which ran in front of the farm. While the railroad crossing remained at grade claimant could go from one part of his farm to the other by passing over the railroad crossing in the road. This crossing at grade was eliminated by the State by erecting a fence on each side of the tracks crossing the road at this point, so that claimant and his visitors, in passing from one part of the farm to the other, had thereafter to take a circuitous route, more than a half mile long, over other roads. In the *Van Aken* case as in the present case there was an award, uncontested in this court, for an actual taking of an easement and a dispute, just as here, over the legality of awarding compensation for consequential damages resulting from the closing of the road at the railroad crossing. This court said that " such consequential damages as may be awarded are those resulting from a direct taking " and that there could be no compensation allowed for inconvenience resulting from impaired access to the road. " On these facts " said this court in the *Van Aken* case (p. 363) " no damages for closing were recoverable at common law and the statute has distinctly failed to create a new liability." This court reversed the judgment of the Court of Claims and sent the case back to that court with directions to make an award only for the actual taking of the easement over a small part of the Van Aken farm, and not for the loss of access.

In *Dwornik* v. *State of New York* (155 Misc. 458, revd. 251 App. Div. 675, affd. 283 N. Y. 597) a provision in the Buffalo grade crossing statute, identical with the above quoted part of chapter 678 of the Laws of 1928, was under examination. Claimant Dwornik alleged that he had been damaged by reason of the permanent closing off at various points of each of two streets, which several street closings had cut off all access to his premises

from various other parts of said streets. There was no direct taking of any of his property. The Court of Claims made an award but the Appellate Division, noting that there was no change of grade in any street in front of claimant's property and that claimant's property was not cut off from all means of ingress and egress, held that there was no common-law liability and no statutory provision creating a liability for such damage. The Court of Appeals affirmed without opinion. We find no controlling difference between the present case and the *Miller, Van Aken* and *Dwornik* cases. In each case the alleged wrong consisted of a deprivation of some part of the access to a street or road with resulting inconvenience to the owner. In each decision the distinction was carefully made between such consequential damage and recoverable damage for the actual taking of physical property or the direct impairment of easements. We cannot find that, prior to the enactment of the 1928 statute above quoted, there was any liability against anyone for such consequential damage and since the 1928 statute clearly did not create any new liabilities there is no liability now. As the dissenting justice in the Appellate Division wrote in this case " any (consequential) damage which respondents may have suffered is *damnum absque injuria.*"

The judgment and order of the Appellate Division should be modified by deducting therefrom so much thereof as represents the award of $1,650 and interest thereon for consequential damages caused by the temporary detour tracks, and as so modified affirmed, without costs to either party.

The judgments should be modified in accordance with this opinion and as so modified affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and THACHER, JJ., concur.

Judgment accordingly.