Piper, J.
The defendant Town of Thurston appeals from a judgment entered January 13, 1949, after trial before an official referee awarding the plaintiffs $1,170 damages and costs. The plaintiffs’ complaint alleges that they were the owners of a farm known as the Dee farm on the Dee Hollow Road in the town of Thurston; that it was the duty of the defendant to *425 keep the Dee Hollow Boad in repair and that the defendant negligently and carelessly failed to maintain said road so that it was impossible for plaintiffs to have the use of the farm and farmhouse from about May 22,1946 to about December 1, 1947. The defendant’s answer admits that the plaintiffs filed a claim which was disallowed by the town board; admits that the defendant is a municipal corporation and denies the other allegations of the complaint and sets up some affirmative defenses which are not of great importance in the determination of this appeal.
The record shows that the plaintiffs purchased the farm of about 169 acres on April 3, 1943. They had some cattle on the farm, but did not work it to any extent except to cut some hay. Mr. McCreary testified that his principal occupation was trucking livestock for Andy Smith. There was a frame house on the farm with thirteen rooms.
The Dee Hollow Boad formerly connected with two roads, but many years ago a part of the road was abandoned and, at the time plaintiffs purchased, it was a town highway from the farm to another road and constituted the only means of access by vehicle which the plaintiffs had. The road was apparently in fair condition until May 22, 1946, when a cloudburst occurred and as a consequence, the creek washed out a portion of the road.
Plaintiff Mark McCreary drew stones and laid a wall so he could drive along the road where the washout occurred, but it was very narrow. He notified the town superintendent of highways, who said he would make the necessary repairs but he failed to do so. In the fall of 1946, McCreary saw the town superintendent again and was told by him that he would see the county superintendent as the town had no equipment to make repairs to the road. Ho work, however, was done on the road that fall. McCreary further testified that he had made alterations to the house so'that, in addition to his living quarters, he had three apartments to rent, but when people came to look, they would not rent, as the road was so narrow.
On August 28, 1947, another cloudburst occurred and the road was washed out again so that it was impossible to travel the road from the point of the washout to the plaintiff’s farm, except on foot. McCreary had to leave his car at the bridge and walk the last half mile in order to reach the farm. On, or soon after, August 28,1947, McCreary called the town supervisor, Mr. Dixon, and also appeared before the town board and the members of the town board went to the scene of the washout, and there *426 after made arrangements to have Mr. Stevens do the necessary work with his bulldozer. Shortly prior to November 10, 1947 Mr. Stevens cleared out the creek and made the necessary repairs to the road, so that it could again be used for vehicular traffic.
Plaintiffs continued to live on the farm until December of 1946. About that time they left the farm and moved into an apartment of their house in Savona and about the same time, McCreary went to work at Ingersoll Rand and worked there until October of 1947. The plaintiffs stayed in Savona until November, 1947, when the road was repaired. After December, 1947, the plaintiffs rented three apartments on their farm in the farmhouse, two for fifteen dollars each a month, and the other for twenty-five dollars a month, the latter being a furnished apartment. On cross-examination, it. was brought out that it was several weeks after the washout of May 22, 1946, when the plaintiff McCreary first notified the superintendent of highways that the road was. in need of repair.
The referee has found that plaintiffs are entitled to recover damages against the defendant town based on loss of rentals. He bases his decision first on section 215 of the Highway Law and secondly on the waiver of immunity under section 8 of the Court of Claims Act.
The pertinent parts of section 215 of the Highway Law are as follows:
“ 1. No civil action shall be maintained against any town or town superintendent of highways for damages or injuries to person or property sustained by reason of any highway, bridge or culvert being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such defective, unsafe, dangerous or obstructed condition of such highway, bridge or culvert was actually given to the town clerk or town superintendent of highways, and that there was a failure or neglect within a reasonable time after the giving of such notice to repair or remove the defect, danger or obstruction complained of, or, in the absence of such notice, unless such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence; * * *
“3. No action shall be maintained against any town or town superintendent of highways to recover any such damages, unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law. No action *427 shall he commenced upon such claim until the expiration of fifteen days after the service of such notice and no action may be commenced subsequent to one year after the alleged cause of action accrued.”
Neither the referee in his decision nor the respondent in his brief has cited any cases which hold that damages may be awarded for temporary loss in rental value by reason of the State, a county or a town closing or obstructing a public highway or failing to repair a highway within a reasonable time.
Milhau v. Sharp (27 N. Y. 611) cited by the referee and respondent, was an action to restrain defendants from laying railroad tracks in Broadway in New York City. It was not an action for damages.
The referee has extended the language of section 215 “ damages or injuries to person or property ” to include damages for temporary loss of use of real property.
There was no liability on the part of a town to respond in damages by reason of defects in highways either at common law or by statute prior to the enactment of chapter 700 of the Laws of 1881. By that act towns were made liable in cases where “ the commissioner or commissioners of highways of said towns are now by law liable therefor ”. (Monk v. Town of New Utrecht, 104 N. Y. 552; see, also, Lynch v. Town of Rhinebeck, 210 N. Y. 101.) The powers and duties of the town superintendent of highways are substantially the same as were formerly exercised by the commissioner of highways. In the last cited case, it was held (p. 107): “ The liability of the town is purely statutory. To justify a recovery by plaintiff it was essential that the evidence should show acts of negligence upon the part of the town superintendent.” This case was cited with approval in Rupert v. Town of West Seneca (293 N. Y. 421, 427).
It follows that if there is any statutory liability on the town in this case, it must be found in section 215 above set forth. As we interpret the section, there must be damage to the property itself and not merely a loss of use or loss of rentals in order to make the town liable in damages. While not directly in point, the grade crossing cases are somewhat similar. In Coffey v. State of New York (291 N. Y. 494, 496-497) the court said:
“ Temporarily the rental value of the stores and apartments in claimants’ building was practically destroyed.
“We have come to the conclusion that there was no legal basis for an award to claimants to compensate them for this *428 real though temporary damage. A reversal of that part of the award, we think, while it may ‘ appear to be at variance with natural justice, rests upon the soundest legal reasons ’ ”. The court cited Miller v. State of New York (229 App. Div. 423); Van Aken v. State of New York (261 N. Y. 360); Dwornik v. State of New York (251 App. Div. 675, affd. 283 N. Y. 597) and further stated at page 499: “ In each case the alleged wrong consisted of a deprivation of some part of the access to a street or road with resulting inconvenience to the owner. In each decision the distinction was carefully made between such consequential damage and recoverable damage for the actual taking of physical property or the direct impairment of easements.”
It is our conclusion that section 215 of the Highway Law, as it relates to damages or injuries to property must be construed as relating solely to physical damage to the property and not to a temporary loss of use or consequential damage due to a temporary loss of rentals.
Nor can we agree with the referee that section 8 of the Court of Claims Act creates liability on the part of the town for the failure of its superintendent to make repairs to the road within a reasonable time. It seems to us that plaintiffs had a full and complete remedy to require the superintendent to make these repairs within a reasonable time under article 78 of the Civil Practice Act. This article (§ 1287) specifically authorizes a proceeding against an officer who has ‘ ‘ refused to perform the duty specifically enjoined upon him by law ” to compel such officer to perform his duty, and section 140 of the Highway Law requires the superintendent to “ Cause such highways and bridges * * * to be kept in repair,” etc. Substantially the same remedy was available by means of a writ of mandamus prior to the enactment of the article by chapter 526 of the Laws of 1937. As there was a remedy at law prior to the enactment of the Court of Claims Act, that statute did not give this plaintiff a new remedy by way of an action for damages.
The judgment should therefore be reversed and the complaint dismissed.
All concur. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.
Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.