█ FRANK W. BECK et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 34209.) JAMES F. KAVANAUGH, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 34210.) — *Per Curiam*. Appeal by the State from judgments of the Court of Claims awarding respondents damages for business losses allegedly incurred during construction of the Thruway in the City of Yonkers. Claimants are operators of an automobile agency and a gasoline station respectively abutting on the west side of Central Park Avenue in the City of Yonkers. For about nine months, from October, 1955 to June, 1956, during construction of the Thruway through the middle of Central Park Avenue, access to claimants' business establishments was effectively closed to all but the most daring motorists or those who chose to trespass over the parking lots of neighboring stores. The very nature of claimants' businesses suggests the effect thereon of such loss of access. The primary issue presented here is whether abutting business property owners, whose land has not been appropriated, may nevertheless recover damages incurred due to loss of business because in the process of construction access to their businesses has been rendered all but inaccessible for a period of

nine months. The State, of course, can be liable to an abutting property owner even though none of his land is appropriated. Section 347 of the Highway Law so states provided there is an existing statutory remedy. In the instant case, there is such a statutory remedy provided in the Yonkers City Charter (see, e. g., *Askey & Hager* v. *State of New York*, 240 App. Div. 451, affd. 266 N. Y. 587). However, the cases uniformly hold that there can be recovery only if access is destroyed permanently rather than temporarily (*Coffey* v. *State of New York*, 291 N. Y. 494; *Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26; *Cassell* v. *City of New York*, 224 N. Y. 580; *Boynton* v. *State of New York*, 28 Misc 2d 12; *Hurley* v. *State of New York*, 201 Misc. 200; cf. *Selig* v. *State of New York*, 10 N Y 2d 34). The court below handled this issue by holding that the length of inaccessibility here involved amounted to a destruction of access and *de facto* appropriation thereof. In so holding the court relied heavily on *Holmes* v. *State of New York* (279 App. Div. 489, mod. 279 App. Div. 958, 282 App. Div. 278). In *Holmes,* however, the only access street was in fact completely and permanently closed. In our opinion, while it may well be that claimants' suffered disproportionately because of their location or the nature of their businesses, the law is clear that without permanent loss of access there is no appropriation, *de facto* or otherwise. We do not, of course, reach the question of damage. Judgments reversed, on the law and the facts, and claims dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur. [37 Misc 2d 850.]