*302
 
 Van Voorhis, J.
 

 Claimant owns a warehouse at the intersection of Chicago and Scott Streets in the City of Buffalo. The level of Chicago Street had been raised by a viaduct constructed in accordance with plans filed in the City Engineer’s office in the years 1897,1898 and 1914. It was level with the second story of claimant’s building, to which it furnished access by means of an aerial ramp. This viaduct has recently been demolished in connection with the construction of the Niagara section of the Thruway. Chicago Street was thus lowered to its original grade affording access on that side to claimant’s building to the first floor only. Claimant sought damages for change of grade
 
 *303
 
 authorized by former section 367 of the Buffalo City Charter, in effect in 1959 when the viaduct was removed, providing that
 
 l‘
 
 When the city shall alter the recorded grade of any street or alley, the owner of any property in front of whose premises the grade is so altered may within one year thereafter present a claim to the city clerk for damages caused by such alteration.” Thereafter the board of assessors is directed to award such damages as shall be just. The predecessor of that statute was held to give rise to a cause of action for damages for a change of grade against the City of Buffalo
 
 (Matter of Grade Crossing Comrs. of City of Buffalo [Michigan St.],
 
 154 N. Y. 550). The State has assumed the Charter liability of the city where it changes the grade of a city street, as here, in the course of constructing a State highway
 
 (Selig
 
 v.
 
 State of New York,
 
 10 N Y 2d 34, 39;
 
 Buffalo Co-op. Stove Co.
 
 v.
 
 State of New York,
 
 252 App. Div. 228).
 

 In this case it is clear that, during the years while it existed, this viaduct constituted the only traveled portion of Chicago Street. Unlike the situation in
 
 Selig
 
 v.
 
 State of New York
 
 (10 N Y 2d 34,
 
 supra)
 
 and
 
 Buro
 
 v.
 
 State of New York
 
 (306 N. Y. 730), where the rise or depression was in the center of the street leaving access to the subject property from the side of the street (described in
 
 Selig
 
 as a service road) at the former grade, claimant had no access from Chicago Street while the viaduct existed except to the second story of its building. Under these circumstances elimination of the viaduct reduced the level of the entire traveled portion of the street to that of the ground floor of claimant’s building instead of the second floor. The State as appellant questions the continued authority of
 
 People ex rel. Crane
 
 v.
 
 Ormond
 
 (221 N. Y. 283) and
 
 People ex rel. City of New York
 
 v.
 
 Hennessy
 
 (157 App. Div. 786, affd. 210 N. Y. 617), which were cited by the Appellate Division, upon the ground that they were overruled by
 
 Selig
 
 and
 
 Buro.
 
 That may be true to the extent that where the alteration is in the center of the street leaving access to the subject property through a service way along the side of the street at the previous elevation, changes of grade are no longer recognized. No damages may be awarded where the damage arises from mere circuity of access due to changes in street patterns or the routing of traffic
 
 (Northern Lights Shopping Center
 
 v.
 
 State of New York,
 
 20 A D 2d
 
 *304
 
 415, affd. 15 N Y 2d 688;
 
 Selig
 
 v.
 
 State of New York, supra; Buro
 
 v.
 
 State of New York, supra).
 
 But the State is not correct in asserting that there is no change of grade where a viaduct is constructed or eliminated which comprises the whole width of the traveled portion of the street.
 

 The State next argues that no damages can be awarded for a change of grade (notwithstanding Buffalo City Charter, former § 367, in effect at the time) if there remains suitable access to the property through another street. The State thus analogizes changing the grade of a street to the situation which would exist if it were closed altogether, citing
 
 Fearing
 
 v.
 
 Irwin
 
 (55 N. Y. 486);
 
 Egerer
 
 v.
 
 New York Cent.
 
 &
 
 H. R. R. R. Co.
 
 (130 N. Y. 108);
 
 Holmes
 
 v.
 
 State of New York
 
 (279 App. Div. 489), and
 
 Matter of Smith
 
 v.
 
 Gagliardi
 
 (2 Misc 2d 1005, affd. 2 A D 2d 698) holding that the closing of a city street is not unconstitutional because compensation is not provided to the owners of adjoining lands who are deprived of a right of way therein, where another street is left giving suitable access to such lands. They also hold that whether the other street does afford suitable access may be a question of fact.
 

 In its order under review the Appellate Division found that “ At all times there has been first floor access via Scott Street ”. It also found that before the viaduct was eliminated “ there were no other means by which trucks could have direct approach to the second floor of claimant’s warehouse except by way of the two doors leading out to Chicago Street ” over the ramp to the viaduct. It was found that “ The lowering of the grade of Chicago Street made it impossible for claimant to use the two loading doors and the pedestrian doorway leading to the second floor of claimant’s building” and that “After the change of grade the only means of transporting goods to the second floor of claimant’s building was by means of the one elevator located in the building” in consequence whereof “the utility of the second floor of claimant’s building for warehousing and wholesale purposes was substantially impaired.” There are other specific findings supporting this claim for damage. Only the order of the Appellate Division is under review which reversed the initial order of the Court of Claims dismissing this claim. Can there be a recovery under a statute directing the payment of damages for change of grade in the case of a building abutting
 
 *305
 
 upon intersecting streets -where the grade of one of them is changed and access to the building can still be had over the other street?
 

 The common-law rule precluding recovery of damages arising from discontinuance of a street, where there is suitable access to the same building over another street, does not apply to changes of grade where there is a statute authorizing payment of damages. At common law there was, of course, no liability on the part of the State or municipalities to pay damages for change of grade
 
 (Sauer
 
 v.
 
 City of New York,
 
 180 N. Y. 27, affd. 206 U. S. 536). That ancient rule was felt to be unjust with the consequence that many statutes have been enacted providing for damages for change of grade.
 

 With the exception of
 
 Baldwin-Hall Co.
 
 v.
 
 State of New York
 
 (16 N Y 2d 1005, cert. den. 385 U. S. 818), which the court majority did not regard as deciding the question, there appears to be no decision in which is discussed the question of whether damages authorized by statute to be awarded for change of grade can be recovered by an abutting owner who has actually sustained such damage, in cases where, under the common-law rule, he would have had no cause of action if the street whose grade was changed had been entirely eliminated. The statute prevents preclusion of damages from change of grade by the common-law rule which would have denied recovery if one of the abutting streets had been closed leaving suitable access over the other. Many awards have been made to owners of property abutting on intersecting streets where it appears to have been assumed that the only question was whether the change in grade of one of them resulted in a diminution of value of the property, e.g.:
 

 Matter of Grade Crossing Comrs. of City of Buffalo (Michigan St.)
 
 (154 N. Y. 550 [1898],
 
 supra).
 
 The property was at the intersection of Exchange and Michigan Streets in the City of Buffalo. The grade of Michigan Street was changed but access remained at the same grade via Exchange Street. The award was affirmed.
 

 Solkat Realty Corp.
 
 v.
 
 State of New York
 
 (172 Misc. 981 [Ct. Claims, 1939], affd. 262 App. Div. 944 [4th Dept., 1941], affd. 288 N. Y. 547 [1942]). Claimant’s property abutted upon South Geddes Street in the City of Syracuse, the. elevation of which
 
 *306
 
 was lowered by the State to eliminate a grade crossing. The State left claimant with an alternative means of access over West Fayette Street. Nevertheless, recovery was upheld.
 

 Mistretta
 
 v.
 
 State of New York
 
 (201 Misc. 946 [Ct. Claims, 1952], affd. 280 App. Div. 960 [4th Dept., 1952]). The property was on the southwest corner of South Work Street and Lester Avenue in the Village of Falconer. The grade of South Work Street was changed but claimant continued to have some access. The award was affirmed.
 

 Cook
 
 v.
 
 State of New York
 
 (176 Misc. 947 [Ct. Claims, 1941], affd. 267 App. Div. 847 [3d Dept., 1944]). The property was on the southwest corner of Eldredge Street and Prospect Avenue and also abutted on State Street in the City of Binghamton. Street grade changes made claimant’s premises less accessible on Prospect Avenue but improved vehicular travel on Eldredge Street. Access to State Street was unaffected. The award for damages resulting from change of grade was sustained.
 

 Knights
 
 v.
 
 State of New York
 
 (161 Misc. 552 [Ct. Claims, 1936], affd. 251 App. Div. 781 [4th Dept., 1937], mot. for lv. to app. den. 275 N. Y. 650). One of the parcels in question was corner property on Main Street in the Village of East Aurora. The grade of Main Street was changed but access to an intersecting street remained. Damages were upheld.
 

 Matter of Mayor (Trinity Ave.)
 
 (81 App. Div. 215 [1st Dept., 1903]). The property was located on Westchester and Trinity Avenues in New York City. While claimant continued to have the same access from Westchester, damages due to deprivation of the Trinity access because of a change of grade of Trinity Avenue were allowed.
 

 The only rejoinder made by the State is that these decisions were overruled by
 
 Baldwin-Hall Co.
 
 v.
 
 State of New York
 
 (16 N Y 2d 1005,
 
 supra).
 
 Although I wrote in a dissent in
 
 Baldwin-
 
 Hall, in which Judges BergaN and Scileppi concurred, that access ‘‘ is being entirely prevented, by this change of grade, to one street on which the property fronts, without compensation, for the reason that the property can still be reached by another street at the rear ” (p. 1008), the majority disagreed with this for the reason expressed in the memorandum of decision (p. 1007) that “ the street on which the building formerly fronted was moved to a new location some distance away ” which was
 
 *307
 
 akin to closing the street rather than to changing the grade, and decided that “ Such damage as claimant suffered was due to circuity of access and as held in
 
 Selig
 
 there is no provision in law for recovery thereof.”
 

 The order of the Appellate Division, Fourth Department, was affirmed in
 
 Baldwin-Hall,
 
 in the same department which upheld the granting of an award to the present claimant. The
 
 Baldwin-Hall
 
 case was correctly held by the Appellate Division to he distinguishable.
 

 The grade of Chicago Street was ‘ ‘ recorded ’ ’ sufficiently to come within the language of former section 367 of the Buffalo City Charter. The viaduct abutting claimant’s property on Chicago Street had been legally constructed by the city according to plans filed in the City Engineer’s office. The State insists that this was not a recorded grade'under the sections of the City Charter which provide that when the grade of a street is changed “ such alteration shall be recorded as provided in this act for the recording of the original establishment and description of such grade ” (§ 674). Section 179 required the City Engineer to “ record all streets, alleys, park approaches, parks and other public grounds now or hereafter. established, and record and describe the grades and any alteration of the grades thereof ”. It seems that the City Engineer made no such separate entry in case of the grade of the street in question. The usual rule is that, for purposes of liability for damages for change of grade, the legally authorized street elevation based upon the actual grading work performed by city authorities is the established grade
 
 (Lawrence Constr. Corp.
 
 v.
 
 State of New York,
 
 293 N. Y. 634;
 
 Cook
 
 v.
 
 State of New York,
 
 176 Misc. 947, affd. 267 App. Div. 847, supra). This technical oversight of the City Engineer could hardly be held to exonerate the city or the State for payment of damages to the abutting property owner.
 

 The judgment appealed from should be affirmed, with costs.
 

 Chief Judge Desmoto and Judges Fuld, Burke, Scileppi, BergaN and KeatiNG concur.
 

 Judgment affirmed.