GULF OIL CORPORATION, Claimant, *v.* STATE OF NEW YORK, Defendant.   (Claim No. 43439.)

Court of Claims, November 2, 1966.

*Bennett, Kaye & Scholly* (*Arthur A. Kaye* of counsel), for claimant.   *Louis J. Lefkowitz, Attorney-General* (*Allen J. Goodman* of counsel), for defendant.

SIDNEY SQUIRE, J.   This is a $46,000 claim for "the temporary appropriation by the State of New York of a certain easement of claimant over a highway (Railroad Avenue) upon which certain property leased to claimant abuts; said appropriation consists of the closing of said highway to traffic and its use as a temporary railroad right-of-way in connection with the elimination of a grade crossing of the Long Island Railroad Company, pursuant to the provisions of Chapter 678, Laws of 1928, as amended ''.

By written lease dated January 20, 1955, claimant was the tenant of the real property owned by Max Sheldon whose deed was received in evidence as Exhibit 1.   Mr. Sheldon was the only one named in the description and appropriation map denominated Map No. 4, Parcel No. 4 in Public Service Commission Case Nos. 6638 and 7296 Grade Crossing Elimination of the Long Island Rail Road Company (reputed owner) with Babylon-Haywood Extension, County Highway No. 1841, Litchfield Avenue, Great East Neck Road, Carill Avenue, Sammis Avenue, Deer Park Avenue, and Cooper Street in the Village of Babylon, County of Suffolk, State of New York.

The claim (pleading) was filed on February 20, 1964 and served on the Attorney-General the same day. Said pleading did not contain a metes and bounds (verbal) description or diagram. Instead, in paragraph '' 4 '' of the claim, reference was made to the afore-mentioned appropriation map, averring that a copy thereof was annexed to and made part of said Mr. Sheldon's claim which was filed at the same time as the one at bar.

The leased premises herein were situated on the southwest corner of Railroad Avenue and East Great Neck Road in the incorporated area of the Town of Babylon in the County of Suffolk. Railroad Avenue ran generally east and west, lying to the north of and adjacent to claimant's leased premises. The Long Island Rail Road operated its trains on a part of said Railroad Avenue, north of the public roadway on which vehicles and individuals travelled.

At the afore-recited corner was claimant's gasoline station containing a structure, two bays and other necessary appurtenances for the conduct of this going business. Access thereto was twofold, one from Railroad Avenue and the other from East Great Neck Road. For approximately 32 months, from about September, 1962 through about April, 1965 (dates having not been proven with exactitude), the public was excluded from using Railroad Avenue. During said period of time there was no access to this gasoline station from Railroad Avenue but access from East Great Neck Road continued at all times. The frontage on said road was 119± feet.

When claimant rested its proof on the trial, the defendant moved to dismiss the claim on the facts and on the law. I reserved decision on said motion. Thereupon the defendant rested and renewed its motions to dismiss. Decisions were also reserved thereon.

Whether the claimant had suitable means of access after the alleged temporary taking herein is a question of fact. I find as specifically requested orally by the defendant at the conclusion of the trial, that '' At all times, the claimant had a suitable means of access to its property from East Great Neck Road ''. I conclude as a matter of law on all the evidence at bar and after the statutory viewing of the real property herein, that as to this claimant '' The temporary closing of Railroad Avenue was not a compensable item of damages '', in the language requested by the defendant.

Claimant, throughout the trial and in its forceful brief submitted thereafter, relied heavily on *Egerer* v. *New York Cent.*

*& Hudson Riv. R. R. Co.* (130 N. Y. 108). It is not helpful to the claimant, in my opinion. In *Egerer,* an 1891 case, the defendant railroad had placed its structures in a street which had been closed by the City of Rochester for the purposes of the defendant railroad. The plaintiff was the owner of real property abutting said street, conducting a hotel and boarding house. The distinctive factual feature there was that the plaintiff had no other suitable means of access. Therefore, the Court of Appeals reversed the affirmance of the trial court's order directing a defendant's verdict after trial.

Judge POTTER in *Egerer,* noting that the defendant was a railroad company which had relied upon the city's acts, posed the question (p. 113): " Can the city exercise such power in a manner that shall deprive a citizen of the right of access to his premises while affording or leaving him no other access? " Judge POTTER discussed what a municipality can do when *" there is left to the private citizen other and suitable means of access "* (italicized by him). Near the end of the opinion (p. 116) he also italicized the verb *" prevented "* in the sentence: " In the case under consideration the obstruction *prevented* access to the plaintiff's premises with a team and vehicle." *Prevented* was obviously compared with *inconvenient* in the next sentence. The distinction is clear.

This analysis of the *Egerer* holding does not originate with me. In *Nash* v. *State of New York* (21 A D 2d 736) the unanimous memorandum of the Appellate Division, Fourth Department (May, 1964), declared: " While an abutting owner may not be deprived without compensation from all access to a highway *(Egerer* v. *New York Cent. & H. R. R. R. Co.,* 130 N. Y. 108, 112) what may be a suitable means of access is a question of fact and mere inconvenience does not stamp such access as unsuitable *(Holmes* v. *State of New York,* 279 App. Div. 489, 491)."

The *Nash* decision also serves to dispose of another legal thrust herein. Claimant seeks to distinguish the leading case of *Selig* v. *State of New York* (10 N Y 2d 34) wherein FROESSEL, J., wrote for the majority (p. 39): " Damages resulting merely from circuity of access are considered as *dammum absque injuria (McHale* v. *State of New York,* 278 App. Div. 886, affd. 304 N. Y. 674; *Van Aken* v. *State of New York,* 261 N. Y. 360, 362–363; *Coffey* v. *State of New York,* 291 N. Y. 494, 498–499)." There, Mrs. Selig's problems arose because of the construction of the New York State Thruway, i.e., a highway. At bar, counsel maintained that his client suffered because of a railroad

crossing elimination and that therefore *Selig* was distinguishable and claimant's interpretation of the *Egerer* decision controlled. I do not agree with those views and hold to the contrary.

At bar, the deprivation of the Railroad Avenue access was a temporary one and not permanent. In the companion cases of *Beck* v. *State of New York* and *Kavanaugh* v. *State of New York* (21 A D 2d 939 [1964], revg. 37 Misc 2d 850) the Appellate Division, Third Department, in its *Per Curiam* opinion wrote (p. 940) : " the cases uniformly hold that there can be recovery only if access is destroyed permanently rather than temporarily (*Coffey* v. *State of New York*, 291 N. Y. 494; *Matter of Culver Contr. Corp.* v. *Humphrey,* 268 N. Y. 26; *Cassell* v. *City of New York,* 224 N. Y. 580; *Boynton* v. *State of New York,* 28 Misc 2d 12; *Hurley* v. *State of New York,* 201 Misc. 200; cf. *Selig* v. *State of New York,* 10 N Y 2d 34). The court below handled this issue by holding that the length of inaccessibility here involved amounted to a destruction of access and *de facto* appropriation thereof. In so holding the court relied heavily on *Holmes* v. *State of New York* (279 App. Div. 489, mod. 279 App. Div. 958, 282 App. Div. 278). In *Holmes,* however, the only access street was in fact completely and permanently closed. In our opinion, while it may well be that claimants suffered disproportionately because of their location or the nature of their businesses, the law is clear that without permanent loss of access there is no appropriation *de facto* or otherwise. We do not, of course, reach the question of damage." Accordingly, at bar I do not " reach the question of damage ".

The defendant's motions to dismiss (on which decisions had been reserved) are now granted.

The parties in open court having waived the submission of proposed decisions, the Clerk is directed to enter judgment in favor of the defendant, the State of New York, against the claimant, Gulf Oil Corporation, dismissing the claim herein on the merits.